EDDIE LEE BAYMON, Appellant, *v.* STATE
OF NEVADA, Respondent.

No. 9810

June 28, 1978                                          580 P.2d 943

*Horace R. Goff,* Nevada State Public Defender, and *J.
Thomas Susich,* Chief Deputy Public Defender, for Appellant.

*Robert List,* Attorney General, and *Patrick J. Mullen,* Dep-
uty Attorney General, for Respondent.

## OPINION

*Per Curiam:*

Eddie Lee Baymon has appealed from his conviction for possession of a controlled substance, marijuana, and from the imposition upon him of a life sentence pursuant to Nevada's habitual offender enhancement statute. NRS 207.010. He was arrested following a pat-down search at the Nevada State Prison, where he is serving a sentence of life without possibility of parole for first degree murder.

Baymon first argues that his "conviction"[1] under NRS 207.010, the habitual offender statute, must fall because the evidence offered by the State at trial did not affirmatively establish that each of his prior convictions resulted from judicial proceedings at which he was represented by counsel, or at which his right to representation was validly waived.

In Hamlet v. State, 85 Nev. 385, 455 P.2d 915 (1969), we held in accordance with the rule announced in Burgett v. Texas, 389 U.S. 109 (1967), that when the State seeks by introduction of prior convictions to invoke the habitual offender enhancement statute, there must be an affirmative showing that the defendant was represented by counsel or that he validly waived his right to counsel in the prior felony proceedings. *See also,* Burns v. State, 88 Nev. 215, 495 P.2d 602 (1972). It is

---

[1] It is clear that NRS 207.010 does not constitute a new and distinct criminal charge, but rather provides simply for an enhancement of the penalty for the underlying offense. *See,* McGarry v. Fogliani, 370 F.2d 42 (9th Cir. 1966); Hollander v. Warden, 86 Nev. 369, 468 P.2d 990 (1970); Atteberry v. State, 84 Nev. 213, 438 P.2d 789 (1968). *See gen.* United States v. Stewart, 531 F.2d 326 (6th Cir. 1976), *cert. den.* 96 S.Ct. 2629.

undisputed that there exists no affirmative evidence in the record that Baymon was represented by counsel either at his 1967 conviction for burglary in Las Vegas or at his 1973 convictions for murder, robbery and burglary in Reno.

However, a survey of the trial and sentencing transcripts reveals that neither Baymon nor his counsel offered any objection to the trial court's reliance upon the records of prior convictions to sustain the enhancement under NRS 207.010. In Thomas v. State, 93 Nev. 565, 571 P.2d 113 (1977), we held that an unexcused failure to object in the trial court to the State's failure to make an affirmative showing of the validity of the prior convictions relied upon to enhance a penalty under NRS 207.010 precluded the raising of this objection for the first time on appeal. Since Baymon has made no attempt to explain his failure to object below to the sufficiency of the evidence presented by the State, the holding in Thomas v. State, *supra,* is directly applicable in this case. *See also,* Jiminez v. Estelle, 557 F.2d 506 (5th Cir. 1977), sustaining the validity of the Texas "contemporaneous objection" rule.

Baymon next argues that reversible error occurred when the trial court relied upon a pre-sentence report, compiled by the Department of Parole and Probation, which contained "information that is not referable to an official record." Under the standards enunciated in Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976), reliance on a pre-sentence report will be considered improper only when that report is shown to contain "impalpable or highly suspect evidence." 92 Nev. at 94. A short review of the record reveals not only that Baymon and his counsel were provided with a copy of the report prior to the sentencing hearing, but that Baymon's counsel told the Court, "[W]e have reviewed it [and] factually he has brought to my attention no correction." No error occurred in the trial court's reliance on the report.

Baymon's final argument, that the imposition of the enhanced penalty constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution, also is without merit. In Lloyd v. State, 94 Nev. 167, 576 P.2d 740 (1978), we held that a sentence within statutory limits does not constitute cruel and unusual punishment when the statute fixing the punishment is not unconstitutional, or the sentence actually imposed is not so grossly disproportionate to the crime committed as to shock the conscience. *See also,* State

v. Guthrie, 532 P.2d 862 (Ariz. 1975), Capuchino v. Estelle, 506 F.2d 440 (5th Cir. 1975).

In Capuchino v. Estelle, *supra,* the court upheld against a similar constitutional attack on an enhanced penalty of life imprisonment under the habitual offender statute applicable in Texas, imposed by the trial court after conviction for possession of narcotics paraphernalia. The court held that the offenses to be considered in assessing the cruelty of the enhanced penalty included *past* felonies as well as the felony involved in the present conviction. These past felonies in *Capuchino* included assault with intent to commit murder, burglary, and a federal narcotics conviction. 506 F.2d at 442. Baymon's past felonies include first degree murder, robbery and burglary. We see no constitutional infirmity in the application of the habitual offender enhancement statute in this case.

Affirmed.