EARL M. WHEBY, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 11063

August 23, 1979 598 P.2d 1152

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Chief Trial Deputy, Carson City, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

568

## OPINION

By the Court, MOWBRAY, C. J.:

Appellant Earl Wheby was convicted, upon a jury verdict, of attempted second degree murder in the stabbing of his wife. His appeal was dismissed without prejudice to his right to institute these proceedings for post-conviction relief. Wheby now appeals the denial of his petition by the court below.

1. Wheby claims that the trial court violated his constitutional right of self-representation when it refused to grant his request that both he and his appointed counsel be allowed to address the jury and to question witnesses during trial. The court allowed Wheby to function as "co-counsel" in all other respects, but advised him that it was the court's general practice not to allow more than one co-counsel to conduct a trial before the jury. The court advised Wheby that he was free to conduct the case before the jury in propria persona if he chose, or through his appointed counsel. At the conclusion of the jury selection process, Wheby elected to have his appointed counsel perform this task. On all matters argued before the judge alone, Wheby was permitted to address the court directly and to make ultimate decisions on matters of trial strategy.

Appellant does not challenge the propriety of the court's rule as to co-counsel generally, but contends that because he has a constitutional right to represent himself, the rule cannot be applied to him. We reject this contention.

Appellant relies primarily upon the decision of the Supreme Court in Faretta v. California, 422 U.S. 806 (1975), which recognized a federal constitutional right of self-representation. As noted in *Faretta* itself, however, *id.* at 813–14, n. 10, such a right had long been expressly granted under the constitutions of many states, including Nevada. Nev. Const., Art. I, § 8. *See, e.g.,* Hatten v. State, 83 Nev. 531, 435 P.2d 495 (1967); Holander v. State, 82 Nev. 345, 418 P.2d 802 (1966). We have previously determined that although a criminal defendant may

have both a right of self-representation and a right to assistance of counsel, this does not mean that a defendant is "entitled to have his case presented in court both by himself and by counsel acting at the same time or alternatively at the defendant's pleasure." Miller v. State, 86 Nev. 503, 506, 471 P.2d 213 (1970). *Accord,* Layton v. State, 91 Nev. 363, 536 P.2d 85 (1975). We find nothing in *Faretta* which would require us to alter our analysis of the issue, and we note that in so concluding we are in accord with the federal courts which have considered the question of "hybrid representation" in light of *Faretta. See esp.* United States v. Bennett, 539 F.2d 45 (10th Cir.), *cert. denied,* 429 U.S. 925 (1976); United States v. Williams, 534 F.2d 119 (8th Cir.), *cert. denied,* 429 U.S. 894 (1976); United States v. Hill, 526 F.2d 1019 (10th Cir. 1975), *cert. denied,* 425 U.S. 940 (1976); United States v. Lang, 527 F.2d 1264 (4th Cir. 1975), *cert. denied,* 424 U.S. 920 (1976).

Here the court in fact permitted appellant to function as co-counsel, refusing only to permit a deviation from its rules of practice regarding the conduct of trial before the jury. We find no constitutional error.

2. Appellant also contends that in this jurisdiction there can be no such crime as attempted second degree murder, and that he was therefore convicted of a non-existent crime. It is clear from our recent decision in Ramos v. State, 95 Nev. 251, 592 P.2d 950 (1979), that under the proper circumstances, i.e., those involving an intent to kill without premeditation, a defendant may be convicted of attempted second degree murder. Appellant's contention is therefore without merit.

3. Finally, appellant asks that he be granted a new trial because of certain communications between the judge and the jury during jury deliberations. However, appellant has not included in the record on appeal the transcript of the hearing at which the trial judge received evidence regarding these communications and we are therefore unable to consider appellant's contentions. Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977); Tellis v. State, 84 Nev. 140, 437 P.2d 69 (1968).

GUNDERSON, MANOUKIAN, and BATJER, JJ., and FONDI, D. J.,[1] concur.

[1] The Governor designated the Honorable Michael Fondi, Judge of the First Judicial District, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice, who was disqualified. Nev. Const. art. 6, § 4.