PAUL HENRY FOURNIER, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 11569

September 21, 1979                    600 P.2d 213

*Morgan D. Harris,* Public Defender, and *E. David Stoebling,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, Mowbray, C. J.:

Paul Henry Fournier was found guilty of burglary. He seeks

reversal of his judgment of conviction on two grounds: that there was insufficient evidence adduced at his trial to support the charge, and that the trial court erred in admitting appellant's prior felony convictions during the enhanced penalty hearing. We affirm.

1. The Evidence of the Burglary.

During the early morning hours of May 18, 1978, an officer of the Las Vegas Metro Police Department while on patrol observed a person in a closed service station beating on a cigarette machine. The officer called another patrol car, and as they approached the station, the appellant attempted to exit through a broken window. In doing so, however, he got "hung up" and could not extricate himself. Finally, one of the officers removed the appellant from the window, and, after advising him of his constitutional rights, took the appellant to the local hospital for first aid treatment. The officer testified that he found in the service station a 15" pry tool, a mallet, and a hammer. The cigarette machine had been broken into and ransacked.

We believe upon this record that the trial judge did not err in finding substantial evidence to support his conclusion that the appellant committed a burglary.

2. The Prior Offenses.

Appellant argues that his prior convictions in Florida and Arizona were unconstitutionally obtained because he was not provided the assistance of counsel at critical stages of the prior judicial proceedings, citing Burgett v. Texas, 389 U.S. 109 (1967); Burns v. State, 88 Nev. 215, 495 P.2d 602 (1972); Hamlet v. State, 85 Nev. 385, 455 P.2d 915 (1969). He claims that the introduction of the exemplified records used at the hearing to support his adjudication as an habitual criminal in this case was error.

This court held in Baymon v. State, 94 Nev. 370, 580 P.2d 943 (1978), "that when the State seeks by introduction of prior convictions to invoke the habitual offender enhancement statute, there must be an affirmative showing that the defendant was represented by counsel or that he validly waived his right to counsel in the prior felony proceedings."

Our examination of the exemplified convictions reveals an affirmative showing that appellant was represented by counsel in each prior proceeding, satisfying the requirement of *Baymon*. The court document from Florida referring to the attempted escape charge says: "Come now Assistant State Attorney, Arthur Eggers, and the defendant, Paul Henry Fournier a/k/a Paul Henry Cooley, *with his counsel,* Richard

Levinson, Asst. Public Defender, and having been heretofore arraigned, and having entered a plea of guilty as charged in the amended information . . . ." (Emphasis added.)

The Florida breaking and entering conviction is similar: "Come now Assistant State Attorney, Arthur Eggers, and the defendant, Paul Henry Fournier a/k/a Paul Henry Cooley, *with his counsel,* Richard Levinson, Asst. Public Defender, and having been heretofore arraigned, and having entered a plea of guilty as charged in the amended information . . . ." (Emphasis added.)

The Arizona burglary conviction recites defense counsel as Robert Ritchie and Richard Thompson, along with Kim Stuart as county attorney, in the caption, and then goes on to say: "The State is represented by the above named deputy; the defendant is present *with counsel* above named; Court Reporter Carol Haring is present. The defendant is advised of the charge against him and his plea of guilty thereto, and is given an opportunity to speak on his own behalf." (Emphasis added.)

Nothing appears from the face of the records to suggest that the convictions therein specified were unconstitutionally obtained.

Finding no error, we affirm in all respects.

THOMPSON, GUNDERSON, MANOUKIAN and BATJER, JJ., concur.