MELVIN COHEN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 11595

March 30, 1981           625 P.2d 1170

*William N. Dunseath,* Public Defender, *N. Patrick Flanagan,* Deputy Public Defender, Washoe County, for Appellant.

*Calvin R.X. Dunlap,* District Attorney, *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A jury found the appellant, Melvin Cohen, guilty of burglary, attempted grand larceny and possession of stolen property. Appellant was also adjudicated an habitual criminal.

The district judge at the time of the appellant's arraignment offered to assign counsel to represent him. Appellant advised the court that he desired to make his own summation to the jury. The judge then, in effect, told him he could either represent himself throughout the trial or have an attorney do so.[1]

---

[1]The colloquy between the district judge and the appellant is set forth below:

THE COURT: Is there anything else now of preliminary issues?

DEFENSE COUNSEL: Your Honor, Mr. Cohen indicated to me that he would like to represent himself, although I'm not sure if he wants to represent himself through the entire course of the trial or just through certain matters in the trial.

THE DEFENDANT: Just for the summation, your Honor.

THE COURT: Well, let me explain something to you sir. In this court, you can either represent yourself or you can have an attorney, but you can't do both. In other words, if you are going to represent yourself, you conduct the trial.

THE DEFENDANT: I see.

THE COURT: If you are not going to represent yourself, then you have an attorney, and he conducts the trial.

THE DEFENDANT: Well, then if that's the case, as it is, your Honor, I want to defend myself. I think I can convince you I'm capable and competent.

THE COURT: You have an absolute constitutional right to defend yourself, if that is what you want.

THE DEFENDANT: Well, I'm requesting it.

THE COURT: All right.

THE DEFENDANT: One thing more.

THE COURT: I will require Mr. ..................... (Defense Counsel) to be here and sit at counsel table with you and answer questions, if you have any, but he will not participate in the trial, and he will not be responsible for your defense if you defend yourself; you understand that?

THE DEFENDANT: Yes, sir. One more request, if it is permissible. Can I request the absence of Mr. ..................... (Defense Counsel)? I don't have any need for his services.

THE COURT: You don't want to have an attorney present at all?

Appellant now claims that the waiver of his right to counsel was not intelligently made. He also challenges the validity of his habitual criminal adjudication.

1. While a defendant in a criminal trial has a sixth amendment right to represent himself, Faretta v. California, 422 U.S. 806 (1975), and, hence, may waive his right to counsel, the United States Supreme Court has held that the relinquishment of a known right must be an intelligent waiver. Johnson v. Zerbst, 304 U.S. 458 (1938). In a similar situation we held that "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Garnick v. Miller, 81 Nev. 372, 376, 403 P.2d 850, 853 (1965), citing Von Moltke v. Gillies, 332 U.S. 708, 724 (1948). *See also,* Reynolds v. Warden, 86 Nev. 941, 478 P.2d 574 (1970); Lawrence v. Warden, 84 Nev. 554, 445 P.2d 156 (1968); Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966). There is no indication from the record that the trial judge conducted any canvass to determine whether appellant's waiver was valid.[2] Therefore, the conviction must be reversed.

THE DEFENDANT: Yes.

THE COURT: All right. That's the way it will be.

THE PROSECUTOR: Your Honor, perhaps, if I might, in light of the recent publicity that the Knipmeyer trial has received in regards to the ability of a defendant to knowledgeably—

THE COURT: I don't think it makes any difference whether he is knowledgeable. The Supreme Court said if the man wants to defend himself, he is entitled. Isn't that the understanding?

THE PROSECUTOR: That is fine, your Honor.

[2]During the settling of instructions, the defendant inquired about the possible sentences he might receive:

MR. COHEN: What is the least a judge can give a person in my case?

THE COURT: Do you know what the possible sentences are for these three offenses?

THE PROSECUTOR: Your Honor, I believe it's one to ten on the burglary charge, one to ten on the grand larceny—excuse me—one to five on the attempted grand larceny charge, and I believe possession of stolen property is one to six.

THE COURT: If his recollection is correct, you could get twenty-one years.

MR. COHEN: Could?

THE COURT: Could.

2. At oral argument, the state conceded the invalidity of appellant's adjudication as an habitual criminal: two sentences were imposed upon appellant, one for the habitual criminal charge, and the other for the primary offense. This was error; the purpose of the habitual criminal statute is not to charge a separate substantive crime, but to allege a fact which may enhance the punishment. State v. Bardmess, 54 Nev. 84, 7 P.2d 817 (1932). Only one sentence may be imposed. Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966).

Appellant's second argument regarding his adjudication as an habitual criminal has merit. Exemplified copies of two of the three convictions upon which the habitual criminal adjudication was based failed to indicate either the existence of counsel, or a valid waiver of the right to counsel. The burden is upon the state to prove that, in the prior criminal proceedings, an attorney was either present or that the defendant validly waived his right to counsel. Fournier v. State, 95 Nev. 591, 600 P.2d 213 (1979); Hamlet v. State, 85 Nev. 385, 455 P.2d 915 (1969).

For these reasons the judgment of conviction is reversed and the case is remanded for a new trial.