FLOYD ANDERSON, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 13240

December 15, 1982                    654 P.2d 1026

*Edward M. Bernstein,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

---

## OPINION

*Per Curiam:*

Following a jury trial in which he represented himself, Floyd Anderson was found guilty of two counts of burglary. He now appeals this conviction on the grounds that his waiver of counsel was not validly made. Specifically, he alleges that the waiver was not made intelligently and knowingly, that it was not sufficiently unequivocal, and that it was made under coercion. We agree with appellant that his waiver was not intelligently made and therefore reverse.

At appellant's arraignment, he was provided with an appointed counsel. Shortly thereafter, appellant moved the court to appoint new counsel. After a full hearing, it was determined that no adequate reason existed for the appointment of new counsel. Appellant continued to be represented by his original counsel.

On the day of trial, before the jury was empaneled appellant renewed his motion for the appointment of new counsel. The trial judge denied this motion, advising appellant that he could either proceed to trial with his appointed counsel, or represent himself with his appointed counsel acting as a legal advisor. Appellant chose to represent himself "under the coercion of the court." He then advised the court that although he needed time to prepare his defense, he would nevertheless proceed "under protest." The matter proceeded to trial without delay.

In Faretta v. California, 422 U.S. 806 (1975), the Court held that while a criminal defendant has a constitutional right to waive counsel and represent himself, such a waiver must be made "knowingly and intelligently." Specifically, the Court noted that the defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open. 422 U.S. at 835.

In Cohen v. State, 97 Nev. 166, 625 P.2d 1170 (1981), we added the additional requirement that the trial judge must make an explicit "canvass" of a defendant to determine if his waiver was valid. In particular, we held that this canvass must include an attempt to make the defendant aware of "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole

matter.'' 97 Nev. at 168 (quoting Garnick v. Miller, 81 Nev. 372, 376, 403 P.2d 850, 853 (1965)).

In the present case, the record indicates that the trial judge made no attempt to canvass appellant to determine the validity of his waiver under *Cohen*.[1] Further, it appears that appellant was never advised at the time of his waiver of the ''dangers and disadvantages of self-representation'' as is required under *Faretta*. Therefore, the record does not demonstrate that the waiver was made knowingly and intelligently, and the conviction must be reversed and remanded for a new trial.[2]

---

[1] The following dialogue took place between the district judge and the appellant:

> BY THE COURT: It's my understanding that you do not want the services of the public defender; is that correct, sir?
> BY THE DEFENDANT: Yes, sir.
> BY THE COURT: How long have you been incarcerated, Mr. Anderson?
> BY THE DEFENDANT: About two months.
> BY THE COURT: Do you have any money whatsoever?
> BY THE DEFENDANT: No, sir.
> BY THE COURT: Can you afford an attorney—
> BY THE DEFENDANT: No, sir.
> BY THE COURT: —of your own choice?
> BY THE DEFENDANT: No, sir.
> BY THE COURT: What are your qualifications in the field of law that gives you enough ability to represent yourself?
> BY THE DEFENDANT: I have none.
> BY THE COURT: Have a seat.
> (Pause)
> BY THE COURT: I will give you a choice, sir: You can either represent yourself or have the public defender represent you. If you insist upon representing yourself, I will have the public defender stand by to assist you in anyway that he can.
> The choice is now yours to make, sir; we are going to go to trial today.
> BY THE DEFENDANT: Under the circumstances, if you please, given by the court, I wish for the record to reflect that I choose to represent myself under the coercion of the court under the circumstances.
> . . .
> I am saying at this time that I am not ready—you know—to go to court to represent myself or even with a new attorney—I understand—but if the court wishes to insist that I go to court today, well, on with it, I will go on with it under protest. It is simple, sir.
> BY THE COURT: Bring in the jury.
> Mr. Anderson, you will represent yourself; and the public defender will be present to assist you in anyway that he can.
> Bring in the jury.

[2] In light of our determination that the waiver was not made intelligently and knowingly, we need not address other contentions raised by appellant with respect to the waiver.