## DAVID RICHARD WAYNE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13981

December 6, 1984                    691 P.2d 414

*Thomas E. Perkins,* State Public Defender, *Robert A. Bork,* Chief Deputy, *Laura FitzSimmons,* Deputy, Carson City, for Appellant.

*Brian McKay,* Attorney General, *Dan R. Reaser,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant David Richard Wayne guilty of four felonies: one count each of second degree kidnapping, possession of a deadly weapon by an incarcerated person, battery with use of a deadly weapon, possession of a Schedule II substance, and three gross misdemeanors: setting a trap resulting in noninjury to a human being, and two counts of false imprisonment. Wayne admitted the facts constituting the crimes charged but he offered the defense of necessity at trial. Wayne was found to be an habitual criminal and he was sentenced to life imprisonment with the possibility of parole.

On October 26, 1980 Wayne, who was an inmate at the Nevada State Prison in Carson City, took two nurses and a correctional officer hostage in the prison infirmary. There he fashioned a "deadfall," a device designed to injure another person which could be triggered if Wayne were injured. Wayne placed a nurse in the apparatus. He then released the correctional officer and began negotiating with authorities for various concessions relating to his confinement. Twelve hours after commencing his seige, Wayne released his remaining hostages and surrendered.

On appeal Wayne has presented several claims of error, only one of which merits discussion: the issue of the trial judge's failure to canvass Wayne concerning his waiver of his right to counsel. Wayne does not claim that the waiver was not knowingly and intelligently made, but he argues that the absence of a specific canvass mandates reversal. This Court has not held that a failure to canvass alone, when the record otherwise supports the finding that the accused made an intelligent and knowing waiver

of his right to counsel, is reversible error. We decline to do so in the case at bar. We hold that Wayne did make a knowing and intelligent waiver of his right to counsel and that he was not prejudiced by the trial court's failure to canvass him. Therefore we affirm Wayne's judgment of conviction.

At his arraignment, Wayne was informed of the charges in the amended information and of the possible penalties for each charge. He indicated that he understood the charges. Wayne sought to represent himself and stated in his affidavit supporting the motion: "I am aware of the problems of self-representation as I have recently represented myself during three separate criminal trials that led to my acquittal in each case." One of these trials was before the very trial judge in the present case. The district judge granted Wayne's motion with the further provision that a state public defender advise and assist Wayne. Deputy Public Defender Annabelle Hall, or her office, prepared pretrial motions and motions *in limine* on Wayne's behalf. The Defender argued the motions and was active in assisting in preparing and presenting Wayne's defense. Wayne called over forty witnesses and often conferred in court and outside the courtroom with the Defender. Wayne also testified in his own defense with the assistance of the Defender.

A criminal accused has the right to represent himself under both the United States and the Nevada Constitutions. Faretta v. California, 422 U.S. 806 (1974); Wheby v. Warden, 95 Nev. 567, 598 P.2d 1152 (1979). The exercise of the right to self-representation necessarily requires a waiver of the accused's right to the assistance of counsel. United States v. Dujanovic, 486 F.2d 182, 185 (9th Cir. 1973). A valid waiver of this right must be "knowingly and intelligently" made. *Faretta, supra,* at 835, *citing* Johnson v. Zerbst, 304 U.S. 458, 464-65 (1937). Further, "the determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson, supra,* at 464. This Court has reversed criminal convictions where the trial court granted the accused's request to represent himself without adequate inquiry into whether the waiver of the right to counsel was knowingly and intelligently made. Anderson v. State, 98 Nev. 539, 654 P.2d 1026 (1982); Cohen v. State, 97 Nev. 166, 625 P.2d 1170 (1981). In *Cohen,* the defendant asked to represent himself after his request to present his own summation was denied, and this Court found "no indication from the record that the trial judge conducted any canvass to determine whether appellant's waiver was

valid." 97 Nev. at 168, 625 P.2d at 1171. The defendant in *Anderson* made his second motion for appointment of new counsel on the day of trial. The trial court denied it and told him he could proceed with his appointed counsel or represent himself. Without being canvassed or advised of the disadvantages of self-representation, the defendant chose to proceed without counsel, "under the coercion of the court." 98 Nev. at 541, n. 1, 654 P.2d at 1027. In both cases, we reversed where there was no canvass or other facts or circumstances to suggest the waivers were knowing and intelligent.

In the case at bar, Wayne specifically requested to proceed *in pro per.* The trial court granted his motion after Wayne stated he had represented himself and that he had been acquitted in three prior criminal trials, and that he was aware of the problems of self-representation. The trial judge failed to question Wayne formally about his knowledge of certain aspects of the case and his awareness of the problems of self-representation. Wayne argues that the omission of a canvass is reversible error under *Cohen* and *Anderson* without claiming that his waiver was not knowing and intelligent. This argument ignores the purpose underlying the canvass. Trial courts are urged to canvass defendants concerning their waiver of the right to counsel to ensure that a waiver is knowing and intelligent and that its validity is clearly reflected on the record. *See, Anderson, supra,* at 541, 654 P.2d at 1027-28. However, this Court has not reversed a conviction because of a failure to canvass where the record otherwise indicates that the waiver was knowingly and intelligently made. We note that the Ninth Circuit's interpretation of its own similar rule, set forth in United States v. Dujanovic, 486 F.2d 182, 185 (9th Cir. 1973), is in accord with our decision in this case. In Cooley v. United States, 501 F.2d 1249, 1252 (9th Cir. 1974), *cert. denied,* 419 U.S. 1123 (1975) the court held, with regard to the requirement for addressing a defendant who seeks to represent himself: "While the procedure described may be preferred, its omission is not, per se, reversible error, where it appears from the whole record that the defendant knew his rights and insisted upon representing himself." Furthermore, the court has suggested that prior self-representation could justify an application of this exception. United States v. Harris, 683 F.2d 322 (9th Cir. 1982).

Although we agree that "it will be only the rare case . . . in which an adequate waiver will be found on the record in the absence of a specific inquiry by the trial judge," United States v. Aponte, 591 F.2d 1247, 1250 (9th Cir. 1978), we find the record in this case provides ample evidence that Wayne's waiver was

knowingly and intelligently made, and therefore valid. Unlike the defendants in *Cohen* and *Anderson*, Wayne was willing and able to proceed *in pro per*. In addition, Wayne's ability was known to the trial judge who had presided in one of the previous trials in which Wayne had represented himself and had been acquitted. Wayne also stated explicitly that he was aware of the dangers and disadvantages of self-representation as a result of his experiences. Prior exposure to self-representation may not in every case justify a failure to canvass the accused. However, Wayne's extensive and successful history of self-representation provides the necessary assurance that an accused "knows what he is doing and his choice is made with his eyes open" when he waives his right to counsel. Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942). Further, Wayne was fully informed of and understood the charges against him and the possible penalties for each charge. He chose the defense of necessity and called over forty witnesses and testified in his own behalf. In this context, it is clear that Wayne knowingly and intelligently waived his right to counsel. Further, members of the public defender's office actively assisted Wayne in preparing for and conducting the trial. Therefore, he was not prejudiced by the trial court's failure to canvass him formally.

Because we find under the unique facts of this case that Wayne's waiver was valid despite the lack of a canvass, we affirm his conviction.