**Courtney CURRY, Plaintiff**

v.

**John SLANSKY; the Attorney General of the State of Nevada, Defendants.**

**No. CV–R–86–24–ECR.**

United States District Court,
D. Nevada.

June 19, 1986.

---

Courtney Curry, in pro per.

Office of the Attorney General, Carson City, Nev., for defendants.

### MEMORANDUM DECISION AND ORDER

EDWARD C. REED, JR., District Judge.

Petitioner was convicted in 1982 by a Nevada district court jury of battery with the use of a deadly weapon and battery causing substantial bodily harm. He was sentenced to a term of twenty years through application of the State's habitual criminal statute. He has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Three grounds have been set forth in his petition.

### 1. *Waiver of Counsel*

At the close of the prosecution's case in chief, Petitioner asked that his Court-ap-

pointed counsel be discharged and that Petitioner be allowed to represent himself. The Court granted the request, but required the attorney to remain in court and provide such legal advice as Petitioner might require, especially as to procedural matters and jury instructions.

It is Petitioner's position that his waiver of counsel was not knowingly and intelligently made. He contends that the waiver was invalid because the Court did not properly canvass him. In particular, he complains that the trial judge failed to advise him of the nature of the crimes with which he was charged and the ranges of punishment in case of conviction.

The transcript of the colloquy between Petitioner and the trial judge is part of the record. After ascertaining that Petitioner intended to testify in his own behalf, the Judge pointed out the difficulty in either self-questioning or a narrative presentation. Petitioner countered that his greater familiarity with the facts and his superior insight into the case would make self-representation advantageous. The Judge emphasized to Petitioner that the decision to represent himself, as was his right, was very difficult and important and amounted to Petitioner putting his fate in his own hands. The complexity of the jury instructions was one reason, the Judge said, that the attorney would have to remain in order to assist Petitioner. Petitioner was admonished that rules of evidence and procedural rules do not vary merely because a defendant chooses to represent himself. He indicated his understanding. The Court offered help in subpoenaing witnesses for Petitioner.

■ An accused has a Sixth Amendment right to conduct his own defense, provided only that he knowingly and intelligently foregoes his right to counsel and is able and willing to abide by rules of procedure and courtroom protocol. *McKaskle v. Wiggins*, 465 U.S. 168, 173, 104 S.Ct. 944, 949, 79 L.Ed.2d 122 (1984); *United States*

*v. Rylander*, 714 F.2d 996, 1005 (9th Cir. 1983). Nevertheless, the trial judge may appoint standby counsel to assist the accused. *McKaskle*, 465 U.S. at 184, 104 S.Ct at 954; *United States v. Dujanovic*, 486 F.2d 182, 187 (9th Cir.1973).

■ Before waiving his right to counsel, a defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. *United States v. Rylander, supra* at 1005; *United States v. Harris*, 683 F.2d 322, 324 (9th Cir.1982). The preferred procedure is for the trial judge to canvass the defendant as to those matters, thereby ensuring that the waiver is knowing and intelligent. *Id.; Wayne v. State*, 100 Nev. 582, 691 P.2d 414, 416 (1984). However, the judge's failure to canvass a defendant with the proper thoroughness is not reversible error where the whole record supports the holding that the waiver was knowing and intelligent. *United States v. Harris, supra* at 324; *Cooley v. United States*, 501 F.2d 1249, 1252 (9th Cir.1974). In such a case, the defendant is not prejudiced by the inadequacy of the canvass. *Wayne v. State, supra* at 691 P.2d 415.

■ Deputy Public Defender Kenneth V. Ward had been appointed the end of January 1982 to represent Petitioner. Mr. Ward withdrew around March 24, 1982, and was replaced immediately by attorney John R.S. McCormick. Mr. McCormick was Petitioner's attorney at the time the latter was granted permission to defend himself in June 1982. Mr. McCormick stayed by Petitioner's side for the remainder of the trial as the standby attorney appointed by the trial judge.

Both Messrs. Ward and McCormick testified on April 13, 1984, at a hearing in State court on Petitioner's petition for post-conviction relief. Mr. Ward said that he had advised Petitioner as to what he was charged with and the range of punishments. The attorney also had warned Peti-

tioner that if there was a conviction, the habitual criminal statute might be invoked against him. The defenses available were explained by Mr. Ward. Attorney McCormick testified that he, also, went over with the Petitioner the nature of the charges against him and the punishment range therefor. He further discussed the habitual criminal statute with Petitioner. Mr. McCormick said that after he had been put on standby basis he continued to assist Petitioner with advice, research materials and the settling of jury instructions. After the trial, he discussed sentencing with Petitioner.

It is clear that Petitioner's decision to waive his right to counsel was knowingly and intelligently made.

### 2. *Use of the Habitual Criminal Statute to Enhance the Sentence*

After Petitioner had been convicted of the battery charges, the criminal information was amended to charge habitual criminal status. Two hearings were held by the trial court, at which hearings Petitioner was assisted by attorney McCormick.

Prior convictions in California for second degree robbery and for taking a motor vehicle without the consent of the owner were established by the State. The robbery conviction dated back to 1963. Petitioner contends that such an old conviction should not be usable. Further, he complains that no evidence was presented as to the prison term he received for his conviction (in 1976) of taking the motor vehicle. He contends that the offense could be either a felony or a misdemeanor under California law.

The prosecutor provided exemplified copies of both prior California convictions at the hearings on the habitual criminal status of Petitioner. Also, certified copies of finger print cards from the two California penal institutions where Petitioner had been incarcerated and from a Nevada Sheriff's office were placed into evidence. A

Sheriff Lieutenant in charge of his office's Scientific Investigation Division testified that all three sets of prints were of the same person, namely, Petitioner.

The conviction records showed that the taking of a motor vehicle without consent offense had been treated as a felony, with the sentence being a term in a State prison. *See* Calif. Vehicle Code § 10851; Calif. Penal Code § 17(b).

The Judge enhanced to twenty years Petitioner's sentence for battery with the use of a deadly weapon, by applying the habitual criminal statute. A one-year term for the gross misdemeanor of battery causing substantial bodily harm was ordered to be served concurrently.

The Nevada habitual criminal statute, NRS § 207.010, reads in pertinent part as follows:

"1. Every person convicted in this state ... of any felony, who has previously been twice convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony ... shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state prison for not less than 10 years nor more than 20 years.

. . . . .

"8. A certified copy of a felony conviction is prima facie evidence of conviction of a prior felony."

Since the determination of whether an accused is an habitual criminal is essentially independent of the determination of guilt on the substantive offense, the two determinations may be made in separate proceedings. *United States v. Kearney,* 750 F.2d 787, 789 (9th Cir.1984); *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962). The records of prior convictions used against Petitioner affirmatively showed that he had been represented by counsel, therefore there is no

issue here as to waiver of counsel. *Cf. Baymon v. State*, 94 Nev. 370, 580 P.2d 943, 944 (1978). Further, the Nevada statute places no time limit on the prior convictions that can be considered, therefore there is no basis for treating Petitioner's 1963 robbery conviction as too remote. *Cf. United States v. Williamson*, 567 F.2d 610, 614 (4th Cir.1977).

■ The prosecution used appropriate means for proving the prior felony convictions. Exemplified copies of the prior felony convictions and certified fingerprint cards from the penal institutions where the defendant had been incarcerated both have been approved in habitual criminal proceedings. *Plunkett v. State*, 84 Nev. 145, 437 P.2d 92, 94 (1968); *Atteberry v. State*, 84 Nev. 213, 438 P.2d 789, 791 (1968). The fact that a defendant has an unusual name (Courtney Curry in the instant case) is also probative in establishing beyond a reasonable doubt that he is the person who had been convicted of the prior felonies. *Id.*

Enhancement of Petitioner's prison term via use of the habitual criminal statute was a valid exercise of the sentencing judge's discretion.

### 3. *Effective Assistance of Counsel*

The third ground upon which the petition for habeas corpus is based is that Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel. Specifically, Petitioner contends that his attorneys failed to perform even basic pretrial investigation, failed to prepare a defense plan for trial, did not subpoena witnesses in Petitioner's behalf, did not properly assist Petitioner after the latter took over the case, and failed to inform the Court of conflict between themselves and Petitioner.

The effective assistance of counsel guarantee of the Sixth Amendment has the purpose of ensuring that each criminal defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct.

2052, 2065, 80 L.Ed.2d 674 (1984). Therefore, the focus must be on the fundamental fairness of a habeas corpus petitioner's trial. *Id.* at 696, 104 S.Ct. at 2069. He must show that his counsel's performance was deficient and, also, that the deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064.

A convicted defendant making a claim of ineffective assistance must identify acts or omissions of counsel that were outside the range of reasonable professional judgment. *Id.* at 690, 104 S.Ct. at 2066. Petitioner complains that attorney McCormick failed to get telephone records that would prove Petitioner wasn't at the residence of the victim (Mr. Moody) at the time of the razor-slashing of Mr. Moody. Such records were produced at the trial, and did not prove Petitioner's point.

■ Petitioner argues that Mr. McCormick had available local citizens who volunteered to testify as to Mr. Moody's violent propensities (thus supporting the theory of self-defense), but they were not called as witnesses. Mr. McCormick explained, at the post-conviction proceeding, that he did receive one letter from a person who was angry at Mr. Moody and the Sheriff's Department. However, that person had no personal knowledge of the incident wherein Petitioner allegedly wounded Mr. Moody. Attorney McCormick stated that it was known throughout the community that Mr. Moody was a hothead; the attorney was confident that fact could be proved on cross-examination by the asking of questions that would cause Mr. Moody to lose his temper.

■ The failure of his attorney to move for a change of venue is another source of Petitioner's dissatisfaction. The exaggerated publicity the case received in a small community caused Petitioner to doubt he could receive a fair trial there. Attorney McCormick explained that a then-recent opinion of the Nevada Supreme Court (in the Kaplan case) would have

made a motion for change of venue futile under the circumstances. A defendant has no right to compel his appointed counsel to press a matter that the attorney, as a matter of professional judgment, decides should not be pursued. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983).

Petitioner has alleged that his attorney failed to prepare him for cross-examination when he testified. Mr. McCormick specifically recalled advising Petitioner on this subject, even as to how he should position himself with respect to the jurors.

 The failure to subpoena the medical records of the doctor who treated the victim also reflects incompetence, in Petitioner's estimation. He can't believe that the superficial cuts inflicted on Mr. Moody required fifty stitches. Mr. McCormick explained that he had seen photographs of the victim taken at the hospital, therefore the severity of the wounds wasn't a fact that could be disproved by medical records. As to pretrial investigation, Mr. McCormick employed a private investigator who interviewed everyone involved in the incident. The District Attorney's office was treating Petitioner's case as an open-file case, therefore much information was obtained from that source. Also, a transcript of the preliminary hearing was enlightening as to the evidence against Petitioner.

 Petitioner alleges that his attorney refused to subpoena Lilly Johnson, who had been with Petitioner at the time of the incident. Mr. McCormick said that he had interviewed Ms. Johnson before the trial, and had concluded that she would not be a good witness for the defense. She was subpoenaed to the trial by the prosecution. Nevertheless, Petitioner did not call her as a witness, although he was conducting his own defense. Mr. McCormick did subpoena other witnesses.

 Counsel does have a duty to investigate, but such investigation need be only reasonable; likewise a decision not to investigate a particular matter need be only reasonable under the circumstances. *Strickland v. Washington, supra* 466 U.S. at 691, 104 S.Ct. at 2066. In assessing an attorney's performance, a court should attempt to evaluate based on counsel's perspective at the time and under the circumstances; that is, without the benefit of hindsight. *Id.* at 689–690, 104 S.Ct. at 2065–66. Petitioner's counsel pass muster. They made the prosecution prove its case, so that the adversarial testing process was employed. Their acts and omissions were not outside the range of professionally competent assistance.

Since counsels' performance was not deficient, it is not necessary to determine the issue of whether deficient performance prejudiced the defense.

Petitioner had a full opportunity to develop factual issues before the State Court, in his post-conviction proceedings; the undersigned has independently reviewed the record and finds no factors present that would call for an evidentiary hearing. *See Richmond v. Ricketts,* 774 F.2d 957 (9th Cir.1985).

IT IS HEREBY ORDERED that Petitioner Courtney Curry's petition for a writ of habeas corpus be DENIED.