Kenneth H. BURKEY, Petitioner,

v.

George DEEDS, Warden, Southern Desert Correctional Center and The Attorney General of the State of Nevada, Respondents.

No. CV–S–92–590–LDG–(RJJ).

United States District Court,
D. Nevada.

June 1, 1993.

Kenneth H. Burkey, in pro per.

Paul S. Lychuk, Deputy Atty. Gen., Crim. Justice Div., Las Vegas NV, for respondents.

## ORDER

GEORGE, Chief Judge.

This matter is before the court on Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (# 6). Petitioner Opposed (# 7) and Magistrate Judge Johnston submitted a Report & Recommendation (# 8) recommending a grant of the motion to dismiss. Petitioner filed a timely Objection (# 9).

Under Local Rule 510–2, the court is to review *de novo* "those portions of the specified proposed findings or recommendations to which objections are made." Although Petitioner's Objection was timely, he raised no specific objection to any portion of the Magistrate's findings. Instead, Petitioner merely stated he objected to the recommendation and that his motion was based upon the record and files of the case.

Notwithstanding Petitioner's failure to properly object, after a review of the Magistrate's Report & Recommendation, the court finds that it well-reasoned and his conclusion is sound.

Accordingly, good cause appearing,

IT IS HEREBY ORDERED that the Magistrate's Report & Recommendation (# 8) is adopted and Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (# 6) is granted.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied.

## REPORT & RECOMMENDATION

JOHNSTON, United States Magistrate Judge.

[Petition for Writ of Habeas Corpus (# 1)]

This matter comes before the Court on a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody (# 1). This matter was referred to the undersigned Magistrate Judge for review and recommendation pursuant to Rule 10 of the *Rules Governing Section 2254 Cases in the United States District Courts*, 28 U.S.C. § 636(b)(1)(B), Local Rule 500–4(j) and Local Rule 500–6.

### FACTS

On November 23, 1980, after a jury of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, convicted Kenneth Henry Burkey (Burkey) of Attempted Murder (N.R.S. §§ 200.010, 200.030), Robbery with the Use of Deadly Weapon (N.R.S. § 200.380 in combination with N.R.S. § 193.165), and Burglary (N.R.S. § 205.060), the court sentenced Burkey to life in the Nevada state prison with possibility of parole after ten years for count I, life in the Nevada state prison with possibility of parole after ten years for count II consecutive to count I, and life with the possibility of parole for count III, to run concurrent with the sentences imposed for counts I and II. Second Amended Judgment of Conviction attached to Motion to Dismiss (# 6) as exhibit A at 2.

Burkey's convictions were affirmed on direct appeal in state court, and the Nevada Supreme Court denied his subsequent post-conviction relief petition on June 25, 1987. Order Dismissing Appeal attached to Motion to Dismiss (# 6) as exhibit B.

Burkey challenges his state court sentence on two grounds. First, that the sentencing court improperly enhanced his sentence by applying both the use of a deadly weapon enhancement (N.R.S. § 193.165) and the habitual offender status enhancement (N.R.S. § 207.010(2)). Second, that the sentencing court erred in applying the habitual criminal enhancement to him and erred in applying this enhancement to each of his separate crimes arising from what he characterizes as a single act.

### DISCUSSION

*Subject Matter Jurisdiction*

Title 28, United States Code, Section 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.** (emphasis added).

*See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir.), *cert. denied*, 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 249 (1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464–65 (9th Cir.1986), *cert. denied*, 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987). See also 28 U.S.C. §§ 2241(c)(3) and Rule 1(a)(1) of the Rules Governing Section 2254 Cases.

Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim. A state's interpretation of its own laws or rules affords no basis for federal habeas corpus relief because no federal constitutional question arises. *Estelle v. McGuire*, 502 U.S. ——, ——, 112 S.Ct. 475, 479, 116 L.Ed.2d 385, 396 (1991) (federal habeas corpus relief does not lie for errors of state law; federal court may not reexamine state court determinations on state law issues). The purpose of habeas corpus proceedings under section 2254 is to require state convictions to meet federal constitutional requirements applicable to the states. A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986); *Paradis v. Arave*, 954 F.2d 1483, 1493 (9th Cir.1992), *petition for cert. granted*, —— U.S. ——, 113 S.Ct. 1837, 123 L.Ed.2d 463 (1993) (federal court lacks jurisdiction in habeas corpus case

to determine proper application of state law); *Jackson v. Ylst*, 921 F.2d 882 (9th Cir.1990) (federal court has no authority to review state's application of state law). Instead, federal courts may only intervene in state judicial proceedings to correct errors of federal constitutional magnitude. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir.) ("errors of state law do not concern us unless they rise to the level of a constitutional violation"), *cert. denied*, 493 U.S. 942, 110 S.Ct. 344, 107 L.Ed.2d 332 (1989).

At the outset this court notes that Burkey's Petition for a Writ of Habeas Corpus (# 1) contains absolutely no mention or citation to any article or amendment of the United States Constitution. Likewise his petition fails to raise or cite any treaties or laws of the United States (with the exception of the habeas corpus statute itself, 28 U.S.C. § 2254). In fact, Burkey's petition does not even cite any federal cases, but rather consists entirely of references to Nevada state statutes and cases of the Nevada Supreme Court. Similarly, Burkey's Objection and Response (# 7) fails to provide any basis for federal jurisdiction.

■ Burkey's petition primarily appears to challenge the manner in which the state court sentenced him. The Nevada Supreme Court in its Order Dismissing Appeal (exhibit B attached to Motion to Dismiss (# 6)) concludes that the sentencing court correctly applied Nevada's sentencing rules in Burkey's case. Hence, the Respondents argue that Burkey was properly sentenced in accordance with state court sentencing rules, the challenge of which does not raise a constitutional issue addressable by habeas proceedings. Motion to Dismiss (# 6) at 4 (citing *Johnson v. Arizona*, 462 F.2d 1352, 1353–54 (9th Cir.1972) ("ordinarily matters of rules of sentencing adopted by the State courts do not raise constitutional issues which may be reached by habeas proceedings")). Consequently, this court need not address the issues whether Burkey's sentence violated Nevada law by double enhancement or unjustified application of habitual offender enhancement; resolution ·of these issues depends on Nevada law alone.

■ Burkey does, however, allege "constitutional error" at several points in his filings. Objection (# 7) at 3–5. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner. A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution.

Certainly, in some cases the basis upon which the habeas petitioner intends to proceed or attempts to assert is relatively clear. For instance, if a petitioner maintains that his sentence is 'unconstitutional because it is too harsh or severe,' then the Eight Amendment prohibition against cruel and unusual punishment immediately comes to mind. Nevertheless, in Burkey's case the court cannot easily discern any federal constitutional foundation.

■ The closest Burkey comes to making a constitutional claim is his attack on the application of the habitual offender enhancement to each of his three convictions. Burkey questions the constitutionality of three enhancements arising from what he calls 'one act' and argues that he may not be adjudicated a habitual criminal more than once during sentencing for a single crime. What Burkey refuses to realize is that despite his characterization of his crimes as "one averment of fact," he committed three separate felonies under Nevada law. While the burglary, robbery, and attempted murder may seem to Burkey "the course of one act," the state of Nevada splits this "one act" into three distinct felonies. Nevada may then punish Burkey for each felony, and may accordingly enhance each one. *Odoms v. State of Nevada*, 102 Nev. 27, 33, 714 P.2d 568 (1986) (convictions for burglary and attempted murder arising from the same incident may each be enhanced by the habitual offender statute); *see also* N.R.S. § 205.070 ("Every person who, in the commission of a burglary ... commits any other crime, may be prosecuted for each crime separately"). In enhancing Burkey's sentence for each crime the sentencing judge validly exercised discretion

within the framework of Nevada law. *Walker v. Endell,* 850 F.2d 470, 476 (9th Cir.1987), *cert. denied,* 488 U.S. 926, 109 S.Ct. 309, 102 L.Ed.2d 328 and 488 U.S. 981, 109 S.Ct. 530, 102 L.Ed.2d 562 (1988) (federal court generally will not review a state sentence within state statutory guidelines); *Curry v. Slansky,* 637 F.Supp. 947, 951–52 (D.Nev.1986).

Further, the United States Supreme Court has upheld habitual offender or recidivist enhancement statutes against a variety of claims of unconstitutionality including double jeopardy, ex-post facto, due process, equal protection, and cruel and unusual punishment. *Parke v. Raley,* —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), *reh'g denied,* —— U.S. ——, 113 S.Ct. 1068, 122 L.Ed.2d 372 (1993); *Rummel v. Estelle,* 445 U.S. 263, 268, 100 S.Ct. 1133, 1136, 63 L.Ed.2d 382 (1980); *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Consequently, this court finds no violation of federal law and thus no ground upon which to grant Burkey's petition.

Moreover, even if this court had an obligation to review the application of Nevada state law, the Nevada courts correctly applied Nevada's sentencing rules in penalizing Burkey for his convictions.

*Double Enhancement*

Burkey's argument that the sentencing court improperly applied both the use of a deadly weapon enhancement of N.R.S. § 193.165 and the habitual offender enhancement of N.R.S. §. 207.010(2), stems from his misunderstanding of state law and the procedure by which the state court chose to sentence him. Whether or not double enhancement has occurred in a particular case and whether or not double enhancement constitutes a valid sentencing scheme remain questions left to the State of Nevada.

▮ In Nevada, when a defendant is convicted of a crime with the use of a deadly weapon and is adjudged a habitual criminal, the sentencing court may either enhance the sentence pursuant to N.R.S. § 193.165 for the use of the deadly weapon, or alternatively, the court may enhance the sentence under the habitual criminal statute N.R.S. § 207.010. The sentencing court may not enhance an offense under both N.R.S. § 193.165 and N.R.S. § 207.010. *Odoms v. State,* 102 Nev. 27, 714 P.2d 568 (1986).

In *Odoms* a jury found the defendant guilty of burglary and attempted murder with the use of a deadly weapon. The court adjudged Odoms a habitual criminal under N.R.S. § 207.010(2) and accordingly enhanced the sentences for each of these two felonies to life without possibility of parole to run consecutively. The court then sentenced Odoms to an additional life sentence for use of the deadly weapon pursuant to N.R.S. § 193.165. *Odoms,* 102 Nev. at 31–32, 714 P.2d 568. On appeal, the Nevada Supreme Court vacated this third life sentence. The supreme court emphasized that neither N.R.S. § 193.165 nor N.R.S. § 207.010 constitute substantive offenses. Instead these statutes serve to enhance sentences for underlying crimes and although the sentencing court has discretion to select which enhancement it will apply, only one or the other, not both, may apply to any given primary offense.

Given the high degree of similarity to his own case, Burkey understandably relies upon *Odoms.* Burkey overlooks one crucial distinction however. Odoms's jury convicted him of only two distinct felonies; the jury convicted Burkey of three separate felonies. This explains why the sentencing court in *Odoms* erred in imposing a third life sentence on Odoms, but why the sentencing court in Burkey properly imposed three life sentences.

Burkey argues that the court in his case imposed a third life sentence for use of deadly weapon in commission of the robbery under N.R.S. § 193.165. Habeas Petition (# 1) at 12. While this happened in *Odoms,* N.R.S. § 193.165 was not used in Burkey's case. Instead "the sentences enumerated in Counts I, II and III … were enhanced pursuant to [Burkey] being adjudicated an habitual criminal." Second Amended Judgment of Conviction attached to Motion to Dismiss (# 6) as exhibit A at 1.

Burkey argues that his mere conviction of robbery with use of deadly weapon counts as a primary enhancement precluding an enhancement of the robbery charge under

N.R.S. § 207.010. Even though Burkey's conviction and the judgment of the sentencing court make mention of N.R.S. § 193.165, this statute, which imposes an additional equal term to that of the underlying offense, was not applied. Had the sentencing court applied N.R.S. § 193.165, Burkey would have improperly received a total of four life sentences. As the matter stands, the state court validly sentenced Burkey to three life sentences.

*Habitual Offender Enhancement*

■ After the jury found Burkey guilty of burglary, robbery with use of a deadly weapon, and attempted murder, the court adjudged Burkey a habitual offender under N.R.S. § 207.010(2). This habitual offender statute enhances the punishment for a subsequent felony to imprisonment in the state prison for life with or without the possibility of parole, with eligibility for parole only after serving ten years.

Burkey challenges his status as a habitual offender claiming he had only two prior convictions. Writ of Habeas Corpus (# 1) at 15. Information supplied by the district attorney, however, demonstrated prior felony convictions for two burglaries and a possession of a short-barreled shotgun. Supplemental Information attached to Motion to Dismiss (# 6) as exhibit C at 1–2. Thus the sentencing court had authority to employ this recidivist statute to enhance Burkey's sentence.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Respondents' Motion to Dismiss Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (# 6) be granted.

IT IS THE FURTHER RECOMMENDATION of the undersigned Magistrate Judge that the petitioner's Petition for Writ of Habeas Corpus (# 1) be denied.

## NOTICE

Pursuant to Local Rule 510–2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir.1983).

DATED this 9th day of April, 1993.