An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLTON TREMAYNE GARDNER
A/K/A KARLTON GARDNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66385

**FILED**

OCT 0 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of burglary. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Caesars Palace security personnel observed appellant Carlton Gardner on surveillance video, on two separate occasions, entering a bar area of the establishment that was clearly closed to the public. After gaining entry to the bar through an employee doorway, Gardner was observed removing bottles of alcohol from cabinets behind the bar, placing them in a bag he was carrying, and then exiting the bar. Gardner was detained by hotel security on the second occasion and was subsequently charged with two counts of burglary. Gardner's conviction from his first trial was overturned by this court after it was determined that "the district court erred by denying Gardner's request for self-representation." Gardner was retried and again found guilty of two counts of burglary.

15-29781

Gardner argues that the district court was required to conduct a subsequent *Faretta*[1] canvass before his second trial. Gardner contends that the rule established by this court in *Wayne v. State*, 100 Nev. 582, 585, 691 P.2d 414, 416 (1984) (holding that the failure to canvass is not, per se, reversible error if "the record otherwise indicates that the waiver was knowingly and intelligently made") is not applicable in this case. Gardner further contends that *Wayne* and its progeny should be overruled because those cases were decided prior to the adoption of Nevada Supreme Court Rule (SCR) 253, which provides district courts with a formulary to ensure that a defendant is well aware of the risks related to self-representation, and that SCR 253 has the same effect as any law enacted by the Legislature and must be strictly adhered to by the district courts.

We agree with Gardner that the district court was required to conduct a subsequent *Faretta* canvass before Gardner's second trial. However, we conclude that the record in this matter demonstrates that Gardner knowingly and intelligently waived his right to counsel. *See Wayne*, 100 Nev. at 585, 691 P.2d at 416. Thus, we conclude that the district court's failure to conduct a subsequent *Faretta* canvass was harmless and reversal is not warranted. *See Patterson v. State*, 129 Nev., Adv. Op. 17, 298 P.3d 433, 439 (2013) (explaining that errors in the trial process "are subject to harmless-error review"); NRS 178.598 (providing that an error is harmless if it "does not affect [a defendant's] substantial rights"). The district court conducted a *Faretta* canvass prior to Gardner's first trial, and, while we overturned the district court's denial of Gardner's

---

[1]*Faretta v. California*, 422 U.S. 806 (1975).

request for self-representation, there is no evidence of a change in circumstance in Gardner's status between that *Faretta* canvass and the second trial. Moreover, at a hearing prior to his second trial, Gardner clearly indicated that it was again his desire to represent himself, which the district court permitted with stand-by council available to assist Gardner if needed. Furthermore, Gardner participated in his first trial, which resulted in his conviction on the two burglary charges, and it appears he has been incarcerated since being sentenced following his first trial. Thus, Gardner should have fully understood the disadvantages and associated risks of self-representation.

Having considered Gardner's contentions[2] and concluded that they do not warrant reversal, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[2]Gardner raises the following additional arguments on appeal: (1) the district court erred by refusing to sever the two counts of burglary, (2) the district court erred in denying his motion to suppress the surveillance video, (3) prosecutorial misconduct, (4) his convictions were not supported by sufficient evidence, (5) the district court erred by failing to adequately instruct the jury on the elements of burglary and by rejecting his proffered petty larceny instruction, and (6) cumulative error warrants reversal. After careful consideration of these arguments, we conclude that they lack merit.

cc: Hon. Valorie J. Vega, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A