WILLIAM LEE BUNDRANT, Appellant, v. JACK FOGLIANI, Warden, Nevada State Prison, Respondent.

No. 4997

October 27, 1966

419 P.2d 293

*Mann and Scott,* of Elko, for Appellant.

*Harvey Dickerson,* Attorney General, and *Joseph O. McDaniel,* District Attorney, Elko County, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

William Lee Bundrant was arrested and charged with the crime of assault with intent to commit robbery. He waived preliminary hearing. Later, he appeared in district court for arraignment along with the codefendant, Arthur Richard Davis. After the reading of the information both were advised by the court of their right to counsel; that counsel would be furnished if they did not have their own funds. Davis, 21 years of age, requested counsel. Bundrant, then 23, waived counsel and entered a guilty plea. After the plea, he asked for probation. Subsequently the request for probation was denied and he was sentenced to prison for a term of 1 to 14 years. Bundrant sought to be released from prison by habeas corpus. His petition was denied and this appeal was taken.

This court in Garnick v. Miller, 81 Nev. 372, 402 P.2d 850 (1965), placed rigid requirements on the trial court in advising a defendant of his rights before entering a plea. It was there stated that in order that waiver of his right to be represented by counsel be knowingly and intelligently made he must be informed of the right in such a manner that he comprehends the nature of the charges, the statutory offenses included within them, the possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. These were the long-established confinements of Von Moltke v. Gillies, 332 U.S. 708, 723–724, 92 L.Ed. 309, 68 S.Ct. 316 (1948). Though the accused may tell the judge that he is informed of his right to counsel and desires to waive this right, the judge's responsibility does not automatically terminate. Von Moltke, supra.

The United States Supreme Court held in Hamilton v. Alabama, 368 U.S. 52, 7 L.Ed.2d 114, 82 S.Ct. 157 (1961), that counsel must be made available to indigent defendants at all critical stages of the criminal proceeding. The entry of a plea is such a stage and the right to counsel inures to a defendant even when he pleads guilty, Rice v. Olson, 324 U.S. 786, 788, 89 L.Ed. 1367, 65 S.Ct. 989 (1945), for the aid of counsel might do much to mitigate a sentence. Moore v. Michigan, 355 U.S. 155, 160, 2 L.Ed.2d 167, 78 S.Ct. 191 (1957). Not only should a proper waiver—i.e., one "knowingly and intelligently" made—be determined, the waiver must appear in the court record. Garnick, supra.

In this case the trial judge undoubtedly relied on long-established practice of our trial courts when he determined that Bundrant knowingly and intelligently waived his right to counsel at the arraignment. Yet, the record tells us only that he was informed that he could have counsel, that counsel would be provided if he had no funds, and that he was asked his age. None of the other requirements of Von Moltke were met before the guilty plea was accepted.[1] At the hearing on the writ on which this appeal is predicated Bundrant testified that at the arraignment he was primarily concerned about his wife and her physical condition brought about by a pregnancy

---

[1] At the arraignment and after the defendants were identified, the court stated:

"Before proceeding to take your plea in this matter you should be advised that you have the right to have an attorney before entering your plea. And you are also advised that if you are a person without property or funds and can prove this to the Court, the Court will appoint an attorney to represent you.

"MR. DAVIS: I would like to take advantage of that Your Honor.

"THE COURT: You would. And you Mr. Bundrant?

"MR. BUNDRANT: I will waive mine sir.

"THE COURT: How old are you Mr. Bundrant?

"MR. BUNDRANT: Twenty-three.

\* \* \* \* \*

"THE COURT: Mr. Bundrant, are you prepared to enter your plea at this time?

"MR. BUNDRANT: Yes sir, I am.

"THE COURT: You do not wish an attorney?

"MR. BUNDRANT: No, sir."

Thereafter, Bundrant entered a plea of guilty.

which her doctor warned would raise complications. He asserted he was thinking only of getting out on probation and that he thought he would have a better chance if he did not cost the state the expense of an attorney.

At no time was he ever misled on this subject by the prosecutor or the trial judge. No promises were made. Yet, had he been represented by counsel the dim probability that probation would be granted would have been made known to him. A trained lawyer is able to discern these matters and may even be able to negotiate for sentencing consideration. A searching probe as required by Von Moltke, supra, would have better equipped the court to decide the subject of intelligent waiver. Such a probe was not conducted and we therefore reverse.

The guilty plea is set aside and the record of conviction expunged. Counsel is awarded attorney's fees as provided in NRS 7.260(1).

THOMPSON, J., concurs.

COLLINS, J., dissenting:

I feel the record at the arraignment, coupled with the reasons testified to by appellant at the hearing on the writ of habeas corpus do show a waiver of counsel, "knowingly and intelligently" made. Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965) ; Von Moltke v. Gillies, 332 U.S. 708.

Twice at the arraingment Bundrant was asked by the trial judge if he wanted counsel. Twice he said no in a manner that indicated complete understanding of the importance and nature of the right he was waiving. It is apparent from the record of the hearing on the habeas corpus petition he was "gambling" on his chances for probation and he lost. This is not an unknown practice of persons charged with felony crimes. But it clearly demonstrates to me he suffered no lack of knowledge or intelligence in making his waiver of counsel. Furthermore, he has since been released from prison on parole and cannot be retried.

I would let the conviction stand and deny the appeal.