## THOMAS E. LAWRENCE, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

### No. 5510

September 24, 1968 · · · · · · · · · · · · 445 P.2d 156

*Fred A. Nelson,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *Leonard P. Root,* District Attorney, Mineral County, for Respondent.

**OPINION**

By the Court, THOMPSON, C. J.:

Lawrence pleaded guilty to first degree burglary and is serving his sentence. He seeks release from prison by a post-conviction proceeding asserting that he was not fully advised of his right to counsel before entering his plea and could not, therefore, intelligently and knowingly waive counsel. Evidence introduced at the post-conviction hearing caused the district court to deny Lawrence relief. This appeal followed. We affirm.

1. At arraignment the court advised Lawrence that an attorney would be appointed at state expense if that was his desire. Lawrence replied that he did not want an attorney and proceeded to plead guilty. It is now Lawrence's contention that the brief colloquy between himself and the court did not satisfy the standards expressed by the United States Supreme Court in Von Moltke v. Gillies, 332 U.S. 708 (1948), and followed by our decisions of Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965), and Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966). In Von Moltke, supra, the court acknowledged a strong presumption against waiver of the constitutional right to counsel. For such a waiver to be valid the accused must appreciate the nature of the charge, included offenses, the range of allowable punishments, possible defenses, and other relevant facts essential to an understanding of the whole matter. Von Moltke v. Gillies, supra, at 723–24.

The record of the arraignment does not satisfy the requirements of Von Moltke and its Nevada progeny. The court should have investigated more thoroughly to be certain that Lawrence understood the consequences of pleading guilty without the aid of counsel. It does not follow, however, that his post-conviction application for relief should automatically be granted.

2. At the post-conviction hearing the court received evidence which was relevant to the knowledge, understanding, and mental acuity of Lawrence at the time of his arraignment. For example, that evidence disclosed that Lawrence was not a stranger to criminal court proceedings when arraigned in Nevada. He had twice before been arraigned on felony charges and convicted, and was on parole when arrested on the Nevada burglary charge. The court received his handwritten confession of the Nevada crime. It revealed a fine ability to communicate, and to understand. He prepared the post-conviction petition for relief and filed a brief in support thereof. Each document reflects knowledge and familiarity with criminal court procedures and relevant law. He wished to discharge court-appointed counsel and represent himself at the post-conviction hearing. With this evidence before it, the district court permissibly could conclude that when Lawrence was arraigned on the Nevada burglary charge he knowingly and intelligently waived his right to counsel. In re Fresquez, 432 P.2d 959 (Cal. 1967).

3. The record of the post-conviction hearing does not support Lawrence's contention that he was induced to enter a guilty plea through fear, promises, or misapprehension.

Affirmed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.