ROBERT LEE DIXON, Appellant, *v.* WARDEN,
NEVADA STATE PRISON, Respondent.

No. 5872

December 22, 1969                    462 P.2d 753

*James D. Santini,* Public Defender, and *Earle W. White, Jr.,*
and *Morgan D. Harris,* Deputy Public Defenders, Clark
County, for Appellant.

*Harvey Dickerson,* Attorney General; *George E. Franklin,
Jr.,* District Attorney, and *Melvyn T. Harmon,* Deputy District
Attorney, Clark County, for Respondent.

**OPINION**

By the Court, Mowbray, J.:

This is an appeal from an order denying Robert Lee Dixon's
habeas petition, which he filed in the district court to test the

legality of his 1954 conviction of the crime of grand larceny. We affirm the ruling of the district judge.

On April 23, 1954, Dixon, after waiving his right to court-appointed counsel, entered a guilty plea to the charge of grand larceny. He was sentenced to serve not less than 2 nor more than 14 years in the Nevada State Prison. He served 2 years and 1 month in prison, and he was then unconditionally released.

In 1966, Dixon was (1) convicted in the same Nevada court of attempted grand larceny and (2) adjudicated a habitual criminal. Dixon v. State, 83 Nev. 120, 424 P.2d 100 (1967). Although he was sentenced on both counts, he has not served time on either, as he has been continuously confined in the United States Penitentiary at McNeil Island, Washington, for another offense. Upon his release from McNeil, Dixon will be returned to Nevada to start serving the 1966 sentence he received on the (1) attempted grand larceny conviction and (2) habitual criminal charge.

He has commenced this post-conviction habeas proceeding under the provisions of NRS 177.315.[1] He attacks the legality of his 1954 grand larceny conviction—one of the felonies upon which his habitual criminal adjudication is predicated—on the principal ground that he was "tricked and defrauded into entering a plea of guilty without full knowledge of the possible consequences."

We do not reach that issue in this case, for the reason that the post-conviction remedies provided by the 1967 Legislature in NRS 177.315–177.385 are not available to Dixon under the facts presented. NRS 177.315 provides in part that habeas post-conviction relief is available to "any person convicted of a crime and under sentence of death or imprisonment." We hold that the provision "under sentence" means that the petitioner must at the time he files his writ for habeas relief be subject to Nevada authority, whether as one physically confined or under

---

[1]NRS 177.315 provides, in part:

"1. Any person convicted of a crime and *under sentence* of death or imprisonment who claims that the conviction was obtained, or that the sentence was imposed, in violation of the Constitution of the United States or the constitution or laws of this state, . . . or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy, may, without paying a filing fee, apply for a writ of habeas corpus under NRS 177.315 to 177.385, inclusive, to secure relief from the conviction or sentence." (Emphasis added.)

supervision as a probationer or parolee or otherwise restrained of liberty. See Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965); Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966); Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960). In this case, Nevada has no authority over Dixon and will not have until he is released by the federal authorities after he has completed his term at McNeil Island.

Whenever he is returned to Nevada, he will have ample time while serving his first sentence on the attempted grand larceny conviction to challenge his habitual criminal adjudication, which is the only charge relevant to this habeas petition.

The order denying Dixon's petition for habeas is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.