DONALD D. CLARK, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5961

February 3, 1970                    464 P.2d 777

*George G. Holden,* of Battle Mountain, and *Vargas, Bartlett & Dixon,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, and *William Macdonald,* District Attorney, Humboldt County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Donald D. Clark has appealed from a denial by the district judge of his application for habeas corpus on the sole ground that when he entered a plea of nolo contendere to the charge of ex-felon in possession of a firearm capable of being concealed, a felony, he did not knowingly and intelligently waive his constitutional right to counsel. We agree with the ruling of the district judge in denying Clark's application for habeas.

1. Clark was arrested in Winnemucca on November 28, 1968, for a violation of NRS 202.360.[1] He was formally charged with that offense on December 2, 1968, and after he was advised of his right to counsel and a preliminary examination, he waived both.

On December 4, 1968, Clark appeared in district court and was fully advised of his right to counsel and that if he did not have funds to secure counsel an attorney would be appointed by the State to represent him. Clark waived his right to counsel and advised the court that he wanted to plead nolo contendere. Before the district judge would accept the plea, he questioned Clark, an ex-felon, at length (1) as to whether he knew the consequences of his plea and (2) as to the facts surrounding the commission of the offense and his arrest. Only then would the district judge accept Clark's nolo contendere plea. The district judge advised Clark of the possible sentence he could

---

[1]NRS 202.360 reads, in part:

"1. The terms 'pistol,' 'revolver,' and 'firearm capable of being concealed upon the person,' as used in this section, apply to and include all firearms having a barrel less than 12 inches in length.

"2. After July 1, 1925, no unnaturalized foreign-born person, and no person who has been convicted of a felony in the State of Nevada, or in any one of the states of the United States of America, or in any political subdivision thereof, or of a felony in violation of the laws of the United States of America, shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person.

"3. Any person who violates the provisions of this section shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years."

receive under the provisions of NRS 202.360 (see footnote 1, supra) and further advised Clark that the imposition of his sentence could be continued for a short but reasonable time if Clark desired. Clark stated that he knew the possible sentence and that he wanted it pronounced immediately, whereupon the district judge sentenced him to 4 years' imprisonment in the Nevada State Prison. Three months later, in March 1969, Clark filed this habeas proceeding in the Sixth Judicial District Court, claiming that he did not "knowingly and intelligently" waive his constitutional right to counsel.

Of course, it is axiomatic now that an accused has the right to counsel at all critical stages of a criminal proceeding. Boykin v. Alabama, 395 U.S. 238 (1969); Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965); Gideon v. Wainwright, 372 U.S. 335 (1963); Hamilton v. Alabama, 368 U.S. 52 (1961). This constitutional right may be waived, but the waiver must be clearly shown in the record of the court proceedings. In Bundrant v. Fogliani, 82 Nev. 388, 389, 419 P.2d 293 (1966), we set forth the requirements necessary to constitute a valid waiver:

"This court in Garnick v. Miller [supra], placed rigid requirements on the trial court in advising a defendant of his rights before entering a plea. It was there stated that in order that waiver of his right to be represented by counsel be knowingly and intelligently made he must be informed of the right in such a manner that he comprehends the nature of the charges, the statutory offenses included within them, the possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."

Appellant states in his habeas affidavit that he was under the mistaken impression that if he pleaded nolo contendere he would not be sentenced to the Nevada Prison but returned to California. He also asserts that the police officers "misled" him into making the plea. The record is wholly absent of any indication or inference that such occurred. Rather, the district judge's pre-plea colloquy with and examination of the defendant, Clark, strongly negates that such occurred at all.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.