GENE REYNOLDS, APPELLANT, *v.* WARDEN OF NEVADA STATE PRISON, RESPONDENT.

No. 6226

December 31, 1970                     478 P.2d 574

*Jerry C. Lane,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City; *John Chrislaw,* District Attorney, and *Howard D. McKibben,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The appellant, Gene Reynolds, was charged on July 9, 1966, with the offense of statutory rape. NRS 200.360, subsection 2.[1] He pleaded guilty to the charge, and the district judge sentenced him to serve not less than 5 nor more than 10 years in the Nevada State Prison. The execution of the sentence was suspended, however, and Reynolds was placed on probation for a 3-year term under the supervision of the Chief Parole and Probation Officer of the State of Nevada. The district judge, in granting probation, imposed as a condition thereof that Reynolds avoid associating with girls under the age of 18 years. On the afternoon of his release from custody, Reynolds visited a girl under 18 years of age. Later, according to the State Probation Officer's report, he forcibly raped two

[1]NRS 200.360, subsection 2:

"2. Any person of the age of 16 years or upwards who shall have carnal knowledge of any female child under the age of 18 years, either with or without her consent, shall be adjudged guilty of the crime of rape and punished as before provided."

other females on two separate occasions. Reynolds' probation was revoked, and he was committed to the Prison to serve his term of confinement. He then filed this petition for habeas, claiming (1) that he did not knowingly and intelligently waive his constitutional right to counsel as guaranteed him in the Sixth Amendment to the United States Constitution and (2) that the district judge erred by not fully advising him of his rights before accepting his guilty plea. We reject both contentions, and we affirm the order of the district court denying Reynolds" post-conviction application for habeas.

1. *The Facts.*

· On July 9, 1966, Reynolds was charged by Information with the offense of statutory rape. He was taken before the district judge and advised of the nature of the charge and that he could be imprisoned for a term of not less than 5 years nor greater than life. He was asked whether he desired the services of an attorney, and he responded that he wished to obtain his own counsel; he asked time to contact his parents for that purpose. Reynolds stated that he was 19 years old at that time.[2] Later he advised the court by letter, through the District Attorney's office, in essence that he did not want an attorney. Reynolds was then brought before the district court, and the judge again advised him of his right to have counsel present to assist him at all stages of the proceedings. Reynolds insisted that he was willing to proceed and wished to do so without benefit of counsel, whereupon the judge had the Information read to him, advised him of the range of the penalty for the offense charged, and inquired whether Reynolds fully understood the nature of the charge. Reynolds answered the court that he understood the charge and wished to plead guilty. The judge then accepted the guilty plea. A presentence investigation report was ordered and the time for sentencing continued until the judge would have had an opportunity to consider the report. After reviewing the report, the judge sentenced Reynolds to a term of not less than 5 years nor more than 10 years in the Nevada State Prison, but rather than remanding him to the custody of the Warden, the judge granted Reynolds probation for a period of 3 years. Almost immediately after his release, Reynolds was taken into custody for violation of his probation, and the previously suspended sentence was placed in effect. He then challenged his judgment of conviction by commencing this post-conviction habeas proceeding.

2. *The Right to Counsel.*

---

· [2]He became 19 on September 17, 1966.

Since Gideon v. Wainright, 372 U.S. 335 (1963), the right to counsel at every critical stage of the proceedings has been extended to defendants appearing in state courts. A defendant's arraignment is a critical stage in the criminal process. Hamilton v. Alabama, 368 U.S. 52 (1961); Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965). This right, however, may be waived by the defendant. United States v. Priest, 409 F.2d 491 (5th Cir. 1969); United States ex rel. Davis v. McMann, 386 F.2d 611 (2d Cir. 1967), *cert. denied,* 390 U.S. 958 (1968). The standards for showing waiver are strict for overcoming the presumption of the constitutional right to counsel. As the High Court announced in Von Moltke v. Gillies, 332 U.S. 708, 723–724 (1948):

". . . We have said: 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." (Footnotes omitted.)

We have reviewed these guidelines in Garnick v. Miller, supra; Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966); Lawrence v. Warden, 84 Nev. 554, 445 P.2d 156 (1968); and Clark v. Warden, 86 Nev. 104, 464 P.2d 777 (1970). In each case the "intelligent waiver" must be tested in the light of the particular circumstances surrounding the case, including the background, experience, and conduct of the accused. We conclude from the record in this case that Reynolds did intelligently waive his right to counsel and may not be heard to complain at this juncture. It is reasonably clear

from the record that he was perfectly satisfied and willing to proceed without counsel when he made his plea.[3]

### 3. *The Denial of Due Process.*

Reynolds also complains that the judge, in accepting his guilty plea, failed to do so within the standards announced by the Supreme Court of the United States in Boykin v. Alabama, 395 U.S. 238 (1969). Two recent decisions of this court are dispositive of this issue. In Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970), and in Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), we have held that Boykin is not to receive retrospective application and is effective only after June 2, 1969.

The order denying habeas is affirmed.

ZENOFF, BATJER, and THOMPSON, JJ., and MANN, D. J., concur.

---

[3]It would appear that he continued to remain satisfied until his probation was revoked, which may have sparked this habeas application for post-conviction relief.