THE STATE OF NEVADA, APPELLANT, v. DONALD
G. BALIOTIS, RESPONDENT.

No. 12897

April 30, 1982                                              643 P.2d 1223

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Appellant.

*Jerome M. Polaha,* Reno, for Respondent.

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.

## OPINION

*Per Curiam:*

The state has appealed from the district court's order granting respondent, Baliotis, post-conviction relief by setting aside his plea of guilty to a 1969 charge of manufacture and possession of a dynamite machine. The state contends, *inter alia,* that post-conviction relief was unavailable to Baliotis pursuant to NRS 177.315. We agree.

There is evidence that during the 1969 plea negotiations, Baliotis inquired whether a felony conviction would interfere with his right to own a firearm, which he believed he would need for his work as a private investigator. Apparently relying on the assurances of the District Attorney and his own counsel that no disability would follow successful termination of probation, Baliotis pled guilty to the one count. Additional charges were dismissed. Baliotis served a period of probation without incident outside of Nevada and was honorably discharged from probation in 1972 by the sentencing judge, the Honorable Emile Gezelin, now deceased.

In 1973, Baliotis purchased and registered a firearm in Nevada and pursued his profession as a private investigator. He was arrested in 1977 pursuant to a federal indictment as an ex-felon in possession of a firearm. 18 U.S.C. 922(h)(1); 924 (1968). That indictment was dismissed on condition that Baliotis not purchase another firearm.

Baliotis petitioned for post-conviction relief in 1978, pursuant to NRS 177.315, in order to have his guilty plea set aside as involuntary. He contended that his inability to lawfully purchase a weapon had injured him in his capacity as a private investigator, and that his guilty plea was based on misinformation concerning that disability supplied to him by both his own and the prosecuting attorney. The trial judge, the Honorable John E. Gabrielli, granted the requested relief. Although the state contests the propriety of the trial court's action on substantive grounds, we need only address the applicability of NRS 177.315, which is dispositive of this appeal.

NRS 177.315(1) provides:

> Any person convicted of a crime and under sentence of death or imprisonment in the state prison who claims that

the conviction was obtained, or that the sentence was imposed, in violation of the Constitution of the United States or the constitution of this state may, without paying a filing fee, apply for post-conviction relief from the conviction or sentence.

Appellant argues that the trial court erred in granting respondent's petition because respondent's probation had already been satisfied and he was no longer "under sentence" by the state as required by NRS 177.315(1).

We have interpreted the term "under sentence" as requiring, at minimum, some form of constructive restraint or supervision. "[T]he provision 'under sentence' means that the petitioner must at the time he files his writ for habeas relief [pursuant to NRS 177.315] be subject to Nevada authority, whether as one physically confined or under supervision as a probationer or parolee or otherwise restrained of liberty." Dixon v. Warden, 85 Nev. 703, 704-5, 462 P.2d 753, 754 (1969). In *Dixon* we determined that NRS 177.315 did not permit a petitioner incarcerated in federal prison to challenge a 1954 Nevada conviction.

We find no reason to depart from our ruling in *Dixon*. At the time he petitioned for post-conviction relief, Baliotis was not subject to any actual or constructive restraint or supervision. The post-conviction remedy provided by NRS 177.315 is not available to respondent under the facts presented by this case.

The order granting respondent's petition for post-conviction relief is reversed and the case remanded for reinstatement of the guilty plea and judgment of conviction.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.