JOHN BIRGES, SR., Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 22173

November 5, 1991                         820 P.2d 764

*John Birges, Sr.,* In Proper Person, Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Scott W. Doyle,* District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's petition for post-conviction relief. On April 15, 1985, appellant was convicted, pursuant to a jury verdict, of one count each of destruction of a building by explosives, unlawful possession of an explosive device, unlawful transportation of explosives, use of an explosive to commit a felony, bomb threat, burglary, and extortion. The district court sentenced appellant to a term of life with the possibility of parole in the Nevada State Prison, plus numerous concurrent terms. This court vacated

appellant's judgment of conviction for extortion, and dismissed appellant's direct appeal. Birges v. State, Docket No. 16562 (Order Dismissing Appeal, September 3, 1987). On March 26, 1986, appellant, who was then, and continues to be, incarcerated in a federal correctional facility in Lompoc, California, filed a petition for post-conviction relief. On May 7, 1986, the district court filed an order denying appellant's petition, having determined that it had no jurisdiction to hear a petition for post-conviction relief while appellant was incarcerated outside of the State of Nevada. *See* Dixon v. Warden, 85 Nev. 703, 462 P.2d 753 (1969). This court dismissed the subsequent appeal because the notice of appeal was untimely. Birges v. Director, Docket No. 17446 (Order Dismissing Appeal, August 21, 1986).

On March 18, 1991, appellant filed in the district court the instant petition for post-conviction relief. On March 22, 1991, apparently *sua sponte,* the district court denied appellant's petition. The district court determined that it lacked jurisdiction to entertain appellant's petition because the petition was not filed within one year of this court's final decision on appellant's direct appeal. This appeal followed.

Our review of the record on appeal reveals that the district court erred in summarily denying appellant's petition for post-conviction relief. NRS 177.315(3) provides as follows:

> Unless there is good cause shown for delay, a proceeding under NRS 177.315 to 177.385, inclusive, must be filed within 1 year after entry of judgment of conviction or, if an appeal has been taken from such judgment, within 1 year after the final decision upon or pursuant to the appeal.

On its face, NRS 177.315(3) is not jurisdictional. If, as in the instant case, a petition for post-conviction relief is filed beyond the time period specified in NRS 177.315(3), a district court must determine whether the petitioner has shown good cause for delay. Even if the district court determines that no good cause has been shown, however, the district court is not divested of jurisdiction to entertain the petition. Instead, the district court is then statutorily authorized to deny the petition for the procedural default rather than on the merits. We have previously disapproved the practice of summarily dismissing petitions for procedural reasons. The preferred practice is to require the state to make a motion to dismiss, and allow the petitioner to respond. *See* Phelps v. Director, Prisons, 104 Nev. 656, 764 P.2d 1303 (1988).

Because we are remanding this matter to the district court, it is

also appropriate to address the order of the district court entered on May 7, 1986. As noted above, the district court relied on this court's opinion in *Dixon* in determining that it lacked jurisdiction to entertain appellant's petition for post-conviction relief while appellant was incarcerated out of state. We have determined that *Dixon* was wrongly decided. There is nothing in the post-conviction statutes which would prohibit a district court from considering a petition for post-conviction relief from a petitioner incarcerated out of state. Further, *Dixon* would, if followed, work a terrible hardship on both the petitioner and the state by forcing an evidentiary hearing on the petition to be held, in some instances, many years after the judgment of conviction. Accordingly, we overrule our opinion in *Dixon*.

We feel constrained to add one additional comment to this opinion. In this case, as in far too many cases, the clerk's office of this court was compelled to contact the clerk of the district court and request that the record on appeal be supplemented with vital documents. We are informed by our legal staff that this is a regular occurrence, not just in the Ninth Judicial District, but throughout the state. We remind the district court clerks that petitions for post-conviction relief are part of the same case as the original criminal trial. NRS 177.325. A petition for post-conviction relief should therefore have the same case number in the district court as the original criminal proceedings. Further, in proper person proceedings, the entire record should be transmitted to this court regardless of any designation of the record on appeal. NRAP 10(a)(1). Accordingly, when this court receives the record in a proper person appeal from an order of the district court denying post-conviction relief, the record should be complete and there should be no reason for this court to continually call the offices of the various district court clerks and request that the record be supplemented. *See also* NRS 177.385(3).

In light of our discussion above, we vacate the order of the district court denying appellant's petition for post-conviction relief, and we remand this matter to the district court for further proceedings.[1]

---

[1]Although appellant has not been granted permission to file documents in this matter in proper person, *see* NRAP 46(b), we have received and considered appellant's proper person documents.