17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James A. HAND, Plaintiff-Appellant,
v.
Lewellyn YOUNG, Judge, et al., Defendants-Appellees.
 No. 92-16604.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James A. Hand, a former Nevada state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992), and we vacate and remand for further proceedings.[1]
 
 
 3
 Hand filed his original complaint on January 29, 1992. Hand alleged that he was denied a jury trial on state criminal charges, was not allowed to confront witnesses against him, and was denied access to adequate legal materials or legal advice during his incarceration. In addition, Hand filed a motion for leave to proceed in forma pauperis on January 29, 1992. In this motion Hand indicated that he was no longer in prison as he "paroled" on October 28, 1991.
 
 
 4
 On January 29, 1992, the district court determined that Hand's complaint contained claims that fell within the core of habeas corpus.[2] Thus, prior to proceeding with the civil rights action, the court ordered Hand to complete a form so that the court could determine whether he had exhausted his state remedies pursuant to Young v. Kenny, 907 F.2d 874 (9th Cir.1990), cert. denied, 498 U.S. 1126 (1991).
 
 
 5
 On February 28, 1992, Hand filed the completed exhaustion form with the district court. However, the court determined that Hand had not provided the necessary information. Accordingly, on March 3, 1992, the court served Hand with three copies of the exhaustion form and ordered him to complete one form for each of his three civil rights claims. On March 17, 1992, Hand filed three completed exhaustion forms with the court. On one of these forms he stated, "I am not in physical custody which is the essential statutory requirement for habeas jurisdiction."
 
 
 6
 On August 17, 1992, the district court determined that plaintiff had again failed to supply the requested information. Accordingly, the court ordered the dismissal of plaintiff's complaint for failure to comply with the court's orders. Hand timely appealed.
 
 
 7
 The district court may dismiss an action for failure to comply with any order of the court. See Fed.R.Civ.P. 41(b); Ferdik, 963 F.2d at 1260. The district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous view of the facts. See United States v. Rahm, 993 F.2d 1405, 1410 (9th Cir.1993); Faile v. Upjohn Co., 988 F.2d 985, 986-87 (9th Cir.1993).
 
 
 8
 Here the district court erred in dismissing the complaint because the district court presumed that Hand had available state remedies to exhaust when the court ordered Hand to complete the exhaustion forms. Under Nevada law, however, when a person is seeking habeas relief, he or she must be in custody at the time the application for relief is made. See State v. Baliotis, 643 P.2d 1223, 1224 (1982) (per curiam) (explaining that custody is required for persons seeking post-conviction relief under former Nev.Rev.Stat. Sec. 177.315)[3]; Director, Nevada Dep't of Corrections v. Arndt, 640 P.2d 1318, 1319 (1982) (per curiam) (discussing custody requirements for persons filing habeas petitions under Nev.Rev.Stat. Sec. 34.360). Thus, if Hand was not in custody, he would have no available state remedies to exhaust. See Baliotis, 643 P.2d at 1224.
 
 
 9
 Although Hand indicated to the district court that he was no longer incarcerated at the time he filed his complaint, the court failed to determine whether Hand was in custody.[4] Moreover, in response to the court's order regarding exhaustion, Hand stated that he was "not in physical custody" for habeas purposes. Thus, the district court erred because Hand's statement, if true, would satisfy the exhaustion requirement. See Young, 907 F.2d at 876-77; Baliotis, 643 P.2d at 1224. Accordingly, this case is remanded for a determination of Hand's custodial status and whether Hand has any available state remedies to exhaust. See Faile, 988 F.2d at 989; Baliotis, 643 P.2d at 1224.[5]
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hand's motion for the appointment of counsel is denied. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991)
 
 
 [2]
 When a state prisoner challenges the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1990), cert. denied, 498 U.S. 1126 (1991). When a prisoner files a pro se Sec. 1983 complaint seeking relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas petition, and require exhaustion of state remedies. Preiser, 411 U.S. at 500; Franklin v. Oregon, 662 F.2d 1337, 1347 (9th Cir.1981). If the prisoner has not exhausted all available state remedies, the district court should dismiss the habeas claims. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir.1984)
 A civil rights plaintiff who challenges the fact or duration of confinement must also exhaust his state habeas remedies prior to proceeding with his Sec. 1983 claims. Young, 907 F.2d at 876-77. However, the district court should stay, rather than dismiss any Sec. 1983 claims until the prisoner exhausts state remedies. Id. at 878.
 
 
 [3]
 Effective January 1, 1993, Nevada repealed Nev.Rev.Stat. Sec. 177.315 and enacted a new post-conviction statute, Nev.Rev.Stat. Sec. 34.724. This new post-conviction statute contains the same language concerning custody. See Nev.Rev.Stat. Sec. 34.724 and annotations (citing former Nev.Rev.Stat. Sec. 177.315)
 
 
 [4]
 Hand may still be in custody for state habeas purposes if he is serving a term of parole or probation. See Baliotis, 643 P.2d at 1224. The record, however, does not indicate whether Hand is subject to any such restraint
 
 
 [5]
 On remand, if the district court determines that Hand does not have any available state remedies, the district court should then determine whether Hand has any viable claims, either in habeas corpus or civil rights