**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN X. HIGH,
          *Petitioner-Appellant,*

v.

JOHN IGNACIO,
          *Respondent-Appellee.*

No. 04-15053

D.C. No.
CV-00-00346-LRJ

OPINION

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted
November 4, 2004—San Francisco, California

Filed May 10, 2005

Before: Betty B. Fletcher, Sidney R. Thomas, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Franny Forsman and John Lambrose (argued), Federal Public Defender, Las Vegas, Nevada, for the petitioner.

Brian Sandoval and Robert E. Wieland (argued), Nevada Attorney General, Reno, Nevada, for the respondent.

---

**OPINION**

BEA, Circuit Judge:

Juan High appeals the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. High's state petition for post-conviction relief was dismissed by the Nevada trial court as untimely under Nevada Revised Statute 177.315(3), which required Nevada petitioners for post-conviction relief to file their petition in the Nevada trial court "within 1 year after entry of judgment of conviction or, if an appeal has been taken from such judgment, within 1 year after the final decision upon or pursuant to the appeal" whichever is later. The Nevada Supreme Court affirmed this dismissal.

The district court then denied High's federal habeas petition, holding that NEV. REV. STAT. 177.315(3) was an independent and adequate state procedural rule that barred federal review of the Nevada court's dismissal of High's petition for post-conviction relief. Under the independent and adequate state procedural bar doctrine, a federal court will not review a question of federal law raised in a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).[1]

High challenges NEV. REV. STAT. 177.315(3), arguing that

---

[1]For a state procedural bar to be "adequate", the rule must be "clear, consistently applied, and well-established at the time of petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). A state procedural rule is adequate if the state courts follow it "in the vast majority of cases." *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996).

the Nevada courts have applied the rule in an inconsistent manner. Therefore, the question before us[2] is a narrow one: Whether the Nevada Supreme Court consistently applied NEV. REV. STAT. 177.315(3), Nevada's statute of limitations for initiating a petition for post-conviction relief. We hold that the Nevada Supreme Court has consistently applied NEV. REV. STAT. 177.315(3).[3]

## I

Following a jury trial, High was found guilty of five counts of burglary, six counts of robbery with the use of a weapon, one count of conspiracy, and one count of sexual assault with the use of a deadly weapon. He was sentenced to a total of 123 years in prison, plus two life sentences with the possibility of parole on December 30, 1983. High filed an appeal through counsel to the Nevada Supreme Court, which affirmed his conviction and sentence on August 20, 1985. The remittitur was issued September 10, 1985.

Almost six years later, on April 25, 1991, High filed a *pro se* petition in Nevada trial court for post-conviction relief pursuant to NEV. REV. STAT. 177.315. At that time, NEV. REV. STAT. 177.315(3) read:

> Unless there is good cause shown for delay, a proceeding under NRS 177.315 to 177.385, inclusive, must be filed within 1 year after entry of judgment of conviction or, if an appeal has been taken from such judgment, within 1 year after the final decision upon or pursuant to the appeal.

---

[2]High also briefed issues for which a certificate of appealability was not granted. In light of our opinion, we decline to extend the certificate of appealability to include those issues.

[3]NEV. REV. STAT. 177.315(3) was repealed January 1, 1993.

NEV. REV. STAT. ANN. 177.315(3) (Michie 1991) (repealed 1993).

The form High used for his petition specifically advised him that if he did not file his petition within this one year period, he should relate facts to demonstrate good cause for his failure to file his petition within that time period. In response, the reasons High put forth illustrating why he filed his petition almost six years after his appeal are essentially that he did not have counsel for his post-conviction petition, and therefore he was unaware of his legal rights and responsibilities.

On June 6, 1991, the Nevada trial court dismissed High's petition as untimely. On September 30, 1991, the Nevada Supreme Court affirmed, holding, *inter alia*, that High's petition was untimely pursuant to NEV. REV. STAT. 177.315. The court considered each of High's reasons for the delay and found that, "none of the reasons stated by appellant, either singly or together, is sufficient to justify appellant's extraordinary delay in filing his petition."

On July 16, 1993, High filed a habeas corpus petition in federal district court pursuant to 28 U.S.C. § 2254. High then filed a voluntary motion to dismiss the petition without prejudice, which was granted on January 27, 1997.

High went back to Nevada state trial court to file another petition for post-conviction relief under NEV. REV. STAT. 177.315 on March 11, 1997. The trial court denied his petition as "barred on procedural grounds" on July 14, 1997. The Nevada Supreme Court affirmed the trial court's dismissal on May 10, 2000.

While his second state court petition for post-conviction relief was pending, High filed a second § 2254 habeas corpus petition in federal district court on March 21, 1997. The dis-

trict court dismissed this petition without prejudice for failure to exhaust state remedies on March 26, 1998.

High filed his third state petition for post-conviction relief under NEV. REV. STAT. 177.315 on December 8, 1999. The trial court denied the action as untimely on March 9, 2000. The Nevada Supreme Court affirmed the trial court's finding of untimeliness on August 8, 2001.

On June 19, 2000, High filed his third § 2254 federal habeas corpus petition.[4] After briefing on the issue, the district court dismissed most of High's grounds as untimely and not exhausted, finding that Nevada had consistently applied NEV. REV. STAT. 177.315(3). The district court held that NEV. REV. STAT. 177.315(3) constituted an independent and adequate state procedural bar, and that the denial of High's habeas corpus petition would not result in a fundamental miscarriage of justice because High had failed to establish a cause which, under Nevada law, would excuse his failure to comply with the time limits of NEV. REV. STAT. 177.315(3). High's remaining grounds were later dismissed on the merits.

This court granted a certificate of appealability on the narrow issue of whether the district court erred in determining NEV. REV. STAT. 177.315(3) was consistently applied in 1991, at the time High's first state petition for post-conviction relief was denied. To be "adequate", NEV. REV. STAT. 177.315(3) must have been applied in a consistent manner both at the time High's direct appeal was denied in 1985, and at the time his state petition for post-conviction relief was denied as untimely in 1991. *Petrocelli v. Angelone*, 248 F.3d 877, 885-86 (9th Cir. 2001). We will therefore consider both time periods in this appeal.

---

[4]Because High's first two federal habeas corpus petitions were dismissed without prejudice due to his voluntary dismissal and his failure to exhaust state remedies, this third habeas corpus petition did not qualify as a second or successive habeas corpus petition. *Slack v. McDaniel*, 529 U.S. 473, 488 (2000).

We review the district court's decision to deny a 28 U.S.C. § 2254 habeas corpus petition *de novo,* including issues of law and the proper application of the law to the facts. *Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir. 2003). We review findings of fact made by the district court for clear error. *Id.*

Once the state pleaded the application of an independent and adequate state procedural bar in NEV. REV. STAT. 177.315(3), the burden of proof switched to High to prove the Nevada courts had applied NEV. REV. STAT. 177.315(3) in an inconsistent manner and had indeed allowed the filing of a late petition where no good cause was shown. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).[5]

**[1]** Unfortunately for High, the Nevada Supreme Court has consistently affirmed the denials of petitions for post-conviction relief as untimely under NEV. REV. STAT. 177.315(3). *See*, *e.g.*, *Colley v. State*, 773 P.2d 1229, 1230 (Nev. 1989) (per curiam); *Jones v. State*, 536 P.2d 1025, 1025-26 (Nev. 1975) (per curiam). High does not cite, nor have we been able to find, any published cases in which the Nevada Supreme Court reversed a trial court's denial of post-conviction relief based on NEV. REV. STAT. 177.315(3), where the trial court had correctly calculated the one-year period and had afforded the petitioner an opportunity to show good cause for his delay in filing for post-conviction relief.

**[2]** In the absence of any authority showing that the Nevada Supreme Court has applied NEV. REV. STAT. 177.315(3) in a manner that is inconsistent with this case, we must presume that the state procedural rule is adequate.

---

[5]If High had met his burden of proof, then the burden would have shifted back to the state to prove the rule was in fact adequate. The ultimate burden is on the state. *Bennett*, 322 F.3d at 586. Here, because High did not meet his burden to prove the inadequacy of NEV. REV. STAT. 117.315(3), the burden never shifted back to the state.

High contends that the application of Nev. Rev. Stat. 177.315(3) to his case is inconsistent with the Nevada Supreme Court's application of the analogous statute of limitations that applies to state habeas corpus petitions filed in Nevada. *See* Nev. Rev. Stat. 34.726(1) (Michie 1991). For this proposition, High cites *Glauner v. State*, 813 P.2d 1001 (Nev. 1991) (per curiam) and *Birges v. State*, 820 P.2d 764, 765-66 (Nev. 1991) (per curiam). This argument has already been rejected by this court. *See Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000); *Moran v. McDaniel*, 80 F.3d 1261, 1269-70 (9th Cir. 1996).

**[3]** We hold that Nev. Rev. Stat. 177.315(3) has been consistently applied by the Nevada state courts and that it is an independent and adequate state procedural bar for the purpose of federal habeas corpus petitions filed under 28 U.S.C. § 2254.

If the state court finds a petitioner's claims barred by an independent and adequate state procedural rule, federal review of that claim is barred unless the petitioner can demonstrate a cause for the default, and prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002).

Here, High was given an opportunity to explain to the state court why his petition was late, on the very form he used to file the petition. He did not provide a legally adequate reason. "A showing of cause 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule.' " *Pizzuto v. Arave,* 280 F.3d 949, 975 (9th Cir. 2002) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). "Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." *Id.*

The Nevada Supreme Court determined that High's reasons did not constitute good cause for his untimeliness under Nevada law. There are no Nevada cases where good cause was found on facts similar to High's arguments. This court accepts a state court ruling on questions of state law. *Moran*, 80 F.3d at 1268.[6]

**AFFIRMED.**

---

[6]The district court later appointed counsel to represent High on his § 2254 federal habeas corpus petition, and counsel was expressly given an opportunity to brief the reasons for High's untimely petition in the state court before the district court ruled. High failed to establish any legally adequate reason for his failure to assert his claims in his state petition in a timely manner. Additionally, High does not argue that the failure to consider his claims would result in a fundamental miscarriage of justice.