### Jeffrey Lamont TAYLOR, Petitioner–Appellant,

v.

### A.A. LAMARQUE, Warden, Respondent–Appellee.

No. 05–55602.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006.*

Filed Nov. 30, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey Lamont Taylor, Soledad, CA, pro se.

Gerson Simon, Los Angeles, CA, for Petitioner–Appellant.

Rama R. Maline, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, HAWKINS, and IKUTA, Circuit Judges.

## MEMORANDUM **

California state prisoner Jeffrey L. Taylor ("Taylor") appeals the denial of his 28

U.S.C. § 2254 habeas corpus petition, challenging his Three Strikes sentence of 28–years–to–life imprisonment for drug possession.[1] Taylor argues that: (1) the state court violated his due process rights by failing to hold an evidentiary hearing on the validity of his prior convictions; and (2) his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

■  Assuming a *Teague* analysis is required, *Teague* clearly bars Taylor's due process claim. Taylor's due process claim fails because it "ask[s] us to make new law, which we cannot do" on habeas review. *Allen v. Ornoski,* 435 F.3d 946, 955 (9th Cir.2006); *see Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *Teague* advises that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government," or, stated differently, "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 301, 109 S.Ct. 1060 (emphasis in original).

Taylor cannot establish that—at the time his conviction and sentence became final—there was a federal due process right to an evidentiary hearing at sentencing to challenge the validity of prior convictions on grounds other than violation of the right to counsel. *See Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 404, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Nor can he establish that any

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Taylor's total sentence is a composite of a 25–years–to–life Three Strikes sentence and a 3–year prior prison term enhancement. Prior to sentencing, a jury found that Taylor had suffered two prior "strike" convictions within the meaning of California's Three Strikes law and qualified for three prison term enhancements.

*Teague* exception applies. As such, Taylor's due process claim is *Teague*-barred.

■ Taylor's due process claim would also fail under the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA) because, insofar as he cannot establish a federal due process right to the hearing he seeks, he cannot establish that the state court's denial of his request was contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

■ Taylor's Eighth Amendment claim also fails because it is procedurally barred due to his failure to raise the issue in state trial court. The California Court of Appeal held that this failure waived the claim under state law and reached the merits of Taylor's claim only in an alternative holding. Because Taylor "defaulted his federal claims pursuant to an independent and adequate state procedural rule, federal habeas review ... is barred." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see High v. Ignacio*, 408 F.3d 585, 590 (9th Cir.2005).

Taylor offers no argument that the contemporaneous-objection rule invoked by the court of appeal was not an adequate and independent basis for its decision. Nor does he assert there was cause for his default or that a miscarriage of justice would result if his claim is not heard. Accordingly, habeas review of Taylor's Eighth Amendment claim is procedurally barred. *See, e.g., Coleman*, 501 U.S. at 750, 111 S.Ct. 2546; *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (failure to object at trial precludes federal habeas review); *Paulino v. Castro*, 371 F.3d 1083, 1092–93 (9th Cir.2004) (California's contemporary-objection rule precludes federal habeas review).

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*