**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TOMMY LEE, | No. 11-56606 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-02032-WQH-WVG |
| v. | |
| L. S. MCEWEN, Warden; EDMUND G. BROWN, Jr., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 5, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

California state prisoner Tommy Lee appeals the district court's denial of his

28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction on retrial

for second-degree murder.  Lee argues that his constitutional right to confront the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

witnesses against him was violated when the state trial court ruled a witness from Lee's original trial unavailable and allowed the witness's prior testimony to be read to the jury. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Lee never objected at retrial to the introduction of the prior testimony or requested further factual findings related to the witness's unavailability. The California Court of Appeal relied on California's contemporaneous objection rule and held that Lee forfeited his ability to raise the issue on appeal when he failed to object below. *People v. Lee*, D052388, 2009 WL 1027572, at *2 (Cal. Ct. App. Apr. 17, 2009). In the alternative, the court denied Lee's claim on the merits.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Lee's Confrontation Clause claim is defaulted pursuant to California's contemporaneous objection rule, and Lee does not argue that there was cause for his default or that failure to consider the merits of his claim will result in a fundamental miscarriage of justice. *See High v.*

2

*Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005). Federal habeas review is procedurally barred.[1]

**AFFIRMED.**

---

[1] The fact that the California Court of Appeal addressed the merits of Lee's claim in the alternative does not alter this result. "A state court's application of a procedural rule is not undermined where, as here, the court simultaneously rejects the merits of the claim." *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2005).